GUETHLER *v.* ALTMAN ET AL.

[No. 3,740.    Filed April 25, 1901.]

DAMAGES.—*Injury to One's Business.—Teacher.—Advising Pupils not to Patronize Plaintiff.*—A school teacher who maliciously and by persuasion, threats, and intimidation prevented his pupils from patronizing plaintiff in the purchase of confectioneries and school supplies, whereby plaintiff's place of business was brought into disrepute and discredit among the people of the city where plaintiff's business was carried on, to his damage, is not liable to plaintiff for

damages resulting from such acts, since it was not unlawful for the teacher to advise or persuade his pupils not to patronize plaintiff, and the fact that he acted maliciously does not make the acts unlawful.

From the Huntington Circuit Court.    *Affirmed.*

*J. S. Branyan* and *E. Searles,* for appellant.

*O. W. Whitelock, S. E. Cook* and *U. S. Lesh,* for appellees.

ROBINSON, J.—Appellant avers in his complaint that appellees Altman, Minnich, and Ewing compose the school board of the city of Huntington, that appellee Hamilton is the superintendent of the schools, employed by the board, and that appellee Crull is a teacher in the schools in the employ of the board and under the jurisdiction and control of the superintendent; that appellant is a citizen of the city of Huntington engaged in the confectionery and school supply business, and that a large portion of his trade is obtained from the pupils of the school; that the city high school is located across the street from appellant's place of business, and that appellee Crull, as teacher, has particular charge and control of the pupils who attend the high school; that for several months past appellee Crull "has made continual and increasing efforts by means of persuasion and threats and intimidation to prevent the pupils of said high school over whom he had particular charge and control from visiting or patronizing plaintiff's place of business, that he has talked to the pupils advising them to stay away from plaintiff's place of business and to purchase their school supplies elsewhere; that he has on many occasions in the last few months stood at a window in said high school building where he could watch plaintiff's store, and when high school pupils started to enter plaintiff's store door they would discover that they were being watched by said defendant Crull and they would turn away and not enter, being in fear of said Crull"; that about December, 1898, appellee Crull wrote letters to the parents of the pupils,

each letter "containing a threat that if said pupils visited plaintiff's store they would be suspended from said high school"; that these letters contained no explanation of the threat made, but that the letters written by Crull were a part of a systematic effort of appellees' to damage and injure appellant's business, and that all of the letters were written maliciously, and without reason or cause; it is also averred that when appellee Crull did the things above set out he was in the employ of the above named appellees who composed the school board, and under the special jurisdiction and control of appellee Hamilton, who was in the employ of the board as superintendent, and that in doing the things named Crull was following instructions given him by such school board and superintendent, and that all was done with the full knowledge of the board and superintendent; that "as a result of the threats and intimidation by defendants above set out the pupils of said high school were prevented from patronizing plaintiff's place of business and plaintiff and his business were brought into disrepute and discredit among the people of the city of Huntington, to plaintiff's damage in the sum of $5,000 ;" wherefore, etc. The sufficiency of the complaint as against demurrers by the several appellees is the only question presented.

The complaint does not state a cause of action against Crull for either slander or libel. He is not charged with having said anything of a slanderous character, nor is there anything in the letters referred to of a libelous character. From the averments of the pleading, if it is not held to be contradictory, ambiguous, and doubtful, it must be held to proceed upon the theory that Crull maliciously persuaded certain persons not to visit or patronize appellant's store. It was proper for the school authorities to make such reasonable rules and regulations as were necessary for the discipline, government, and management of the school. The complaint contains no charge of threats or intimidation within the legal meaning of those terms. Bouvier's Law Dict.; Bouvier's Inst., §2234; Anderson's Law Dict.

It was not an unlawful act for Crull to advise or persuade the pupils not to visit appellant's store. The fact that he acted maliciously does not change the rule. An act which is lawful in itself and which violates no right can not be made actionable because of the motive which induced it. A malicious motive will not make that wrong which in its own essence is lawful. *Chatfield* v. *Wilson,* 28 Vt. 49; *Jenkins* v. *Fowler,* 24 Pa. St. 308; *Glendon Iron Co.* v. *Uhler,* 75 Pa. St. 467, 15 Am. Rep. 599; *Frazier* v. *Brown,* 12 Ohio St. 294; *Mahan* v. *Brown,* 13 Wend. 261, 28 Am. Dec. 461; *Phelps* v. *Nowlen,* 72 N. Y. 39, 28 Am. Rep. 93; Cooley on Torts (2nd-ed.), p. 832; *Boyson* v. *Thorn,* 98 Cal. 578, 33 Pac. 492, 21 L. R. A. 233.

There seems to be some conflict in the cases as to whether a party is liable in damages for wrongfully and maliciously inducing another to break a contract with a third party. The better reasoned cases hold there is no liability unless certain relations exist. In *Lumley* v. *Gye,* 22 L. J. (N. S.) Q. B. 463, it is held there is a liability if the contract is for exclusive personal services. In *Jones* v. *Stanly,* 76 N. C. 355, the rule is applied to every case where one person maliciously persuades another to break any contract with a third person. In *Boyson* v. *Thorn,* 98 Cal. 578, it is held the action will not lie unless the relation of master and servant or other personal relation exists. *Bourlier* v. *Macauley,* 91 Ky. 135, 15 S. W. 60, 11 L. R. A. 550, 34 Am. St. 171, holds that the action will not lie unless the party breaking his contract has by coercion or deception been procured to do so against his will or contrary to his purpose, or the party breaking the contract is within the statutory exception of apprentices, menial servants, and others whose sole means of living is by manual labor. See, also, *Chambers* v. *Baldwin,* 91 Ky. 121, 15 S. W. 57, 11 L. R. A. 545, 34 Am. St. 165.

We know of no authority holding that an action will lie for maliciously persuading a party not to enter into a con-

tract. In *Allen* v. *Flood,* L. R. App. Cases (1898), p. 1, the jury found that Allen had maliciously induced the employers to discharge Flood and Taylor, and not to engage them, and gave them a verdict for damages; it was held that Allen had violated no legal right of Flood and Taylor, had done no unlawful act, and used no unlawful means in procuring their dismissal, that his conduct was therefore not actionable, however malicious or bad his motive might be, and that notwithstanding the verdict Allen was entitled to judgment. See *Lyons* v. *Wilkins,* L. J. Ch. Div. (1898) p. 383.

In the case at bar no contract relation existed, and reasoning from the above cases we must conclude that there is no right of action for maliciously persuading the pupils not to enter into any contract of purchase, or make any purchases, of merchandise from appellant. If the language used had imputed dishonesty or anything of a reproachful character appellant could have his action, but that is not the case made by the pleading.

In *Payne* v. *Western, etc., R. Co.,* 13 Lea 507, 49 Am. Rep. 666, Payne, a merchant, had a large and profitable trade with employes of the company. The company circulated a notice that any employe who traded with Payne after that date would be discharged. It was averred that this was done maliciously. The court held that an action would not lie for the malicious posting of the notice. In *Heywood* v. *Tillson,* 75 Me. 225, 46 Am. Rep. 373, it was held that an action would not lie by the owner of a house against one who prevented the renting of the house by maliciously refusing to employ any tenant of such house. The complaint does not state a cause of action against appellee Crull, and for the same reason it is insufficient as against the other appellees. Judgment affirmed.