JACOB N. GIBSON, Appellee, *vs.* THE FIDELITY AND CASUALTY COMPANY OF NEW YORK, Appellant.

*Opinion filed December 17, 1907—Rehearing denied Feb. 7, 1908.*

1. ACTIONS AND DEFENSES—*when action will lie for procuring plaintiff's discharge from employment.* Where an employment is at will, without any contract, no cause of action arises against the employer for discharging the employee, whether the discharge is with or without cause or through malice; but if the discharge is procured by a third person with the motive of injuring the employee the latter has a right of action against such third person.

2. TRIAL,—*when motion to direct verdict is properly denied.* In an action against a casualty company for inducing plaintiff's employer to discharge him, a motion to direct a verdict is properly denied if there is evidence tending to show that the employer stated that he would allow the plaintiff to continue to work if defendant's president would agree to it, but that the latter, when interviewed, stated that he had caused plaintiff to be discharged, and did not propose to have plaintiff work there or elsewhere to earn money to fight his company with.

3. SAME—*when counsel's argument not improper.* In an action against a casualty company for procuring plaintiff's employer to discharge him because he had instituted a suit against the employer for damages, which the casualty company was obliged to defend, a remark by plaintiff's counsel, in his argument to the jury, to the effect that the defendant was trying to starve the plaintiff into a settlement with his employer, is not improper, where there is evidence which furnishes a basis for such remark.

4. APPEALS AND ERRORS—*question of actual damages is one of fact.* The question as to the amount of actual damages sustained by the plaintiff as the result of the defendant's tort is one of fact, upon which the judgment of the Appellate Court is conclusive.

232— 4

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. L. C. RUTH, Judge, presiding.

O. W. DYNES, for appellant.

F. H. TRUDE, and J. K. McMAHON, for appellee.

. Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

The appellee, Jacob N. Gibson, recovered a judgment for $1200 in the circuit court of Cook county against the appellant, the Fidelity and Casualty Company of New York, in an action on the case for wrongfully procuring the discharge of appellee from his employment by the Union Drop Forge Company, and the Appellate Court for the First District affirmed the judgment.

At the conclusion of the evidence the trial court overruled the motion of the defendant to direct a verdict of not guilty and refused to give an instruction tendered for that purpose. The overruling of the motion and refusing to give the instruction are complained of.

The plaintiff was a die maker in the employ of the Union Drop Forge Company, at $2.65 a day. He met with an injury to one eye on August 26, 1897, from which he was laid up about thirteen weeks. After recovering he returned to his work, and on August 2, 1899, he brought a suit against his employer, the Union Drop Forge Company, for damages on account of the injury. On October 21, 1899, he was discharged by William G. Holbrook, the president and treasurer of the company. At that time he had been working for the company about ten years, but his employment was at the will of the parties and he had no contract for future employment. He was without employment until the first part of December, 1899, when he secured work elsewhere. In his suit he claimed $10,000 damages, and the

Union Drop Forge Company was insured by the defendant against accidents and injuries of the character for which the suit was brought. By the policy of insurance the defendant had agreed to defend against such claims and would be liable to the amount of $5000 in case of a recovery.

The controverted question of fact was whether the defendant caused the discharge of the plaintiff, and the only evidence tending in any manner to connect the defendant with the discharge, or to prove that it induced the Union Drop Forge Company to discharge the plaintiff, consisted of testimony that John A. Post, the general manager of the defendant in Chicago, and Holbrook, made statements or admissions to that effect. The plaintiff belonged to a labor union, and he went with a committee of that union to see Holbrook. The plaintiff and two members of the committee testified that Holbrook said his company was satisfied with plaintiff's work and would be willing to put him back at work but could not do it; that his company had an agreement with the defendant, and if they would get a letter from Post he would re-employ plaintiff. They further testified that they then went to see Post, and Post said that they had caused the discharge and did not intend to let plaintiff work to earn money to fight them with, and that he did not propose to have plaintiff go to work there or anywhere else if he could prevent it. There was evidence for defendant, by Holbrook, that when his company was sued he called up Post, the manager of the defendant, and advised with him as to whether it would be necessary or advisable or expedient to keep the plaintiff in their employ under the circumstances; that Post said they could use their own judgment, and that it was on their own judgment and on their own motion that the discharge was made. The letters which passed between Holbrook and Post tended to substantiate that version of the affair, and, of course, it is conceded that the Union Drop Forge Company could discharge the plaintiff whenever it saw fit, because he had brought a suit against it, or for any

other reason, or for no reason at all and through malice.
If the Union Drop Forge Company discharged the plaintiff
because he had brought the suit or because it did not choose
to pay him money with which he could carry on the suit, no
cause of action would arise in his favor; but under the doc-
trines announced in the case of *London Guarantee and Ac-
cident Co.* v. *Horn,* 206 Ill. 493, there would be a cause of
action against the defendant if it procured the discharge of
the plaintiff with the motive of injuring him.    Post and
another witness denied that there was any such admission
made by Post as was testified to by plaintiff and the two
members of the labor committee.    Their evidence was that
Post said it did not make any particular difference to the
defendant whether the Union Drop Forge Company re-em-
ployed plaintiff or not; that he made no statement or ad-
mission that he or the defendant had procured the discharge
of plaintiff, and that the conversation consisted only of a dis-
cussion between him and the committee as to the propriety
of an employer keeping a laborer in his employ who had a
suit pending against him which the employer believed to be
without merit, and as to what course the members of the
committee would themselves take under the same circum-
stances.

The court was not authorized, in passing on the motion
to direct a verdict and the instruction tendered with the
motion, to weigh the conflicting evidence and determine on
which side the preponderance was. Only the evidence favor-
able to plaintiff could be considered, and if such evidence,
with all the reasonable inferences to be drawn therefrom,
would be sufficient to sustain a judgment for the plaintiff,
it was the duty of the court to deny the motion, refuse the
instruction and submit the question to the jury.    The tes-
timony above detailed, given by the plaintiff and the two
members of the committee, of the alleged statements and
admissions of Holbrook and Post, fairly tended to prove
the cause of action alleged in the declaration, and therefore

the court did not err in refusing to direct a verdict. The controverted question of fact as to whether the discharge of the plaintiff was caused by the wrongful act of the defendant has been settled by the judgment of the Appellate Court.

The next ground of complaint is, that the attorney for the plaintiff, in his closing argument, made improper and prejudicial remarks to the jury for the purpose of inflaming their minds and biasing their judgment, and that on objection being made the court overruled the objection. In the course of his argument the attorney for plaintiff said that the defendant, in what it did, was trying to starve the plaintiff into a settlement of his suit against the Union Drop Forge Company. This argument was founded on the testimony for the plaintiff as to statements made by Post, and the attorney was contending that the motive of the defendant was an improper and malicious one. The argument did not exceed the proper and reasonable limits allowed in the discussion of evidence before a jury.

It is also argued that the evidence did not warrant an assessment of exemplary damages. There was no instruction given to the jury which authorized an assessment of exemplary damages, and the question of the amount of actual damage is one of fact, which we are not authorized to review. The evidence was that the plaintiff was only out of employment a very short time and at the time of the trial was receiving much larger wages than when in the employ of the Union Drop Forge Company, and perhaps the verdict can only be accounted for by assuming that exemplary damages were included. If that is so, there is evidence in the record which, if believed by the jury, would justify exemplary damages.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*