(136 So. 789)

## HILL GROCERY CO. v. CARROLL.

### 6 Div. 825.

Supreme Court of Alabama.
Oct. 8, 1931.

378

William S. Pritchard, John D. Higgins, and James W. Aird, all of Birmingham, for appellant.

B. F. Smith, of Birmingham, for appellee.

**BOULDIN, J.**

One's business or employment is fully recognized in the law of Alabama as in the nature of a property right.

To unlawfully and maliciously interfere therewith, causing the employee to be discharged by his employer, is actionable.

That the employment is for no stipulated period, but terminable at the will of the parties, is not of consequence. That it may be ended at the will of employer or employee does not render such employment subject to the will of others. United States Fidelity & Guaranty Co. v. Millonas, 206 Ala. 147, 89 So. 732, 29 A. L. R. 520 (with extended note pages 532, et seq.); Tenn. Coal, Iron & R. Co. v. Kelly, 163 Ala. 348, 50 So. 1008; Sparks v. McCreary, 156 Ala. 382, 47 So. 332, 22 L. R. A. (N. S.) 1224; Bowen v. Morris, 219 Ala. 689, 123 So. 222.

Count 2 of the complaint on which the case was tried appears in full in the report of the case.

The tendencies of plaintiff's evidence may be summarized thus:

Plaintiff had been for more than two years in the employ of defendant Hill Grocery Company, and had become manager of one of its stores. Plaintiff made application to Ward Baking Company for employment with them, and entered into a contract fixing the compensation, with stipulation that he must sever his connection with Hill Grocery Company for some ten days before entering upon such employment, then work for some days with the truck learning the route and trade, after which his pay would begin. Thereupon he terminated his employment with defendant, after giving the required notice, and, after the interim agreed upon, entered upon his new employment.

Meantime, defendant's agents reported a stock shortage against plaintiff. He then called on Mr. Hill, who said: "Go back to work with us and we will call it off, but if you don't, you have to pay it, or I will make trouble for you."

To this plaintiff replied he was not short, and would not pay it.

According to plaintiff's testimony, he did not owe the demand. Defendant's evidence goes no further than that a shortage was reported.

Hill Grocery Company was a customer of Ward Baking Company, purchasing several thousand dollars worth of its products per month.

After plaintiff entered upon his service on the baking company's truck, he was seen in such service by Mr. N. P. Hill. The next morning plaintiff was called into the office of Mr. McIntire, the manager for the baking company who had contracted with the plaintiff, and discharged.

The plaintiff's account of this interview was:

"I went in and Mr. McIntire told me he was very sorry he had to call me in and discharge me, he said Mr. Hill called up,—N. P. Hill of the Hill Grocery Company,—called up and requested that I be fired. Mr. McIntire said he was sorry he had to call me and let me go, he said it was because N. P. Hill of the Hill Grocery Company called him and told him he would have to fire me or he would take all the bread and cakes out of the stores and he says, 'You know we cannot afford to lose them; you know what business we do with them; you sold lots of bread and cakes; it was stuff pushed out there by Hills;' and I said: 'That is right, but I don't think it is right that I be out of a job.' "

"He (Mr. McIntire) said Mr. Hill said I was short in my account and he did not want me in his stores."

This recital of the tendencies of plaintiff's evidence, that we may consider the question of law involved, is intended as no expression of views on the truth or falsity of same.

Defendant's evidence is an express denial on the part of both Mr. Hill and Mr. McIntire of any such occurrences. Both disclaim any such message from Mr. Hill, and Mr. McIntire denies having so stated to plaintiff. Indeed, Mr. McIntire denies there was ever any employment of plaintiff, nor even negotiations for employment, and hence no discharge nor occasion therefor.

The main insistence of appellant is that plaintiff was not entitled to recover, for that Hill Grocery Company was under no legal duty to continue as a customer of the baking company; that it had a perfect legal right to discontinue at will; that, having a clear right to terminate this business relation, no threat to do so was unlawful, no matter what the motive; and, therefore, any injury done this plaintiff in the exercise of such lawful right is damnum absque injuria.

This question was presented by demurrer to the complaint and otherwise.

The all-sufficient answer is that under this pleading and evidence defendant was not exercising the right to end business relations with the baking company, but using that relation as a weapon to end the employment of this plaintiff, to destroy property rights without lawful right so to do.

The business relations between Ward Baking Company and Hill Grocery Company merely furnished the occasion and opportunity to confront the baking company with an alternative, saying in effect: Lose a valued customer who has a legal right to quit you at pleasure, or discharge your employee, which you have a legal right to do at pleasure, but over whose employment we have no control. If this was done with the intent to coerce the payment of a demand the employee did not owe, or because of his refusal to pay such demand or return to defendant's service, a discharge so brought about with the consequent injury to the employee cannot be justified in law or morals.

The argument of appellant is based upon principles stated in Tenn. Coal, Iron & R. Co. v. Kelly, supra, and cases there cited. The cases are not analogous. If defendant, for example, had simply exercised its right to cease to be a customer of the baking company, and by so doing the baking company no longer had need of the services of plaintiff, and, therefore, discharged him, the case would have analogy to the defense set up in the Kelly Case.

Our leading case, United States Fidelity & Guaranty Co. v. Millonas, supra, considered by the full court, is a complete answer to the contention of appellant in this case. In that case, the discharge of the employee was procured by a threat to cancel the policy of insurance because of the refusal of the employee to accept an oppressive settlement of his claim as a beneficiary under the policy. The insurer had the unquestioned right to cancel the policy, but, as this court declared, this carried no right to use this privilege to coerce and bring about a discharge of the employee of the insured for wrongful and oppressive ends. There can be no difference in principle between the wrongful procurement of a discharge in an effort to defeat a just claim against the wrongdoer, and procurement of a discharge in an effort to enforce an unjust demand in favor of the wrongdoer.

We are dealing solely with the case made by the complaint, and supporting evidence, a charge of malicious wrong for oppressive purposes.

It is not intended to say this is the only class of cases in which such interference is actionable. See Campbell v. Gates, 236 N. Y. 457, 141 N. E. 914; Order of Railway Conductors v. Jones, 78 Colo. 80, 239 P. 882; note, 29 A. L. R. 532.

█ The statements of the employer touching the cause of plaintiff's discharge, as deposed by him, were admissible as part of the res gestæ of that transaction, one of the essential elements in the cause of action. Millonas Case, supra.

█ We do not think such declarations of an employer, in the absence of the party whose alleged acts and words are thus introduced, standing alone, constitute evidence of their truth, so as to warrant a recovery thereon. This would be a dangerous innovation on the hearsay rule.

But being material and legal evidence touching one essential element in the case, if preceded or followed by other evidence, direct or circumstantial, tending to show the truth of such declarations, the case is to be considered by the jury on the whole evidence.

The discharge, and the events bringing it about, become one transaction for the solution of the jury.

█ Under the well-known rule of review, we are not convinced that there was error in denying the motion for new trial upon the ground that the verdict was not supported by the evidence, nor that it was clearly and palpably wrong and unjust because contrary to the great weight of the evidence.

██ The question of punitive damages was properly submitted to the jury, and the guiding rule was correctly stated in the excerpt from the oral charge, made the basis of assignment of error No. 28.

██ Mental pain is an element of damages in such cases, and the law on this line was correctly given in the excerpt from the oral charge, made the basis of assignment of error No. 29.

█ There was evidence, properly admitted, of lost time and earnings despite reasonable efforts to obtain employment. No error appears in the oral charge upon this question, made the basis of assignment of error 30.

█ For reasons set forth in Millonas Case, supra, it cannot be said as matter of law that N. P. Hill, manager for defendant, was without the line and scope of his employment in so procuring the discharge of plaintiff, if the jury found he did so procure his discharge; hence, there was no error in refusing defendant's written charge, made the basis of assignment of error No. 37.

We find no error to reverse in any of the rulings presented for review.

Affirmed.

ANDERSON, C. J., and GARDNER and FOSTER, JJ., concur.