## McGINNIS v WALKER

Ohio Appeals, 2nd Dist, Greene Co

No 469.   Decided Nov 10, 1941

Marshall & Marshall, Xenia, for plaintiff-appellee.

Harry D. Smith, Xenia, and Charles F. Points, Jr., Xenia, for defendants-appellants.

## OPINION

·By HORNBECK, J.

This is an appeal on questions of law from an injunction of the Common Pleas Court permanently enjoining the defendant "from interfering in any way with plaintiff in the rental or use of the property in the petition described, so long as the person renting or occupying same is of good moral character and so long as no acts are permitted to take place therein that would in any way tend to lower the morals of any student of Wilberforce University".

Three errors are assigned.

(1) The judgment of the Court of Common Pleas is contrary to law, in that the injunction allowed is too broad in its scope and ignores the legal disciplinary authority of the college and University officials as to the regulation of conduct of students.

(2) In the refusal to admit opinion evidence of a qualified expert witness proffered by defendant.

(3) In admitting a non-qualified witness to give opinion evidence in behalf of plaintiff.

The petition alleges that the plaintiff is and has been the owner of certain described real estate since September, 1919. The described parcel of land is known as a college lot at Wilberforce University, is 30 feet wide and 250 feet deep.

The property is entirely surrounded by the campus of the University and is about 100 feet from the main entrance to the campus and the same distance from the administration building of the University and is in close proximity to the boys' and girls' dormitories, library, dining hall and other student accommodations on the campus. The petition further alleges that the defendant came to Wilberforce as its President in 1936, at which time the described real estate was in use by the State of Ohio as a book store; that the lease terminated in September, 1936, and was not renewed because of the influence of the defendant. Plaintiff further says that on August 1, 1940 and September 1, 1940, he had persons who had contracted for the rental of the described property but that because of the influence of the defendant he was unable to consummate the rental contract with the prospective lessees and that said property had stood vacant since September, 1936; that he had suffered irreparable damages as a result of the conduct and interference of the defendant for which he has no adequate remedy at law. The prayer of the petition was for temporary and permanent injunction and other relief.

When the cause came on for trial the plaintiff took leave to amend the prayer of his petition "and ask for an injunction against the defendant's interfering with the renting of the property of the plaintiff by threatening to dismiss any students of Wilberforce University who patronized any business conducted on the premises of plaintiff".

The answer of the defendant was, as to material averments of the petition, a general denial, although during the trial of the cause, his counsel indicated that they might file an amended answer. Neither amendment to the petition or answer was formally made.

The court granted a temporary injunction as prayed and upon trial of the cause issued the permanent order, heretofore quoted, and the appeal is predicated upon the errors heretofore set forth.

Before discussing the principal question in the cause we dispose of assignment of errors, Numbers 2 and 3, which we do not find well made.

Dr. Richard R. Wright, Jr., a witness for the defendant, who was President of Wilberforce University from 1932 to 1936, a Bishop of the African Methodist Episcopal Church, and at the time of the trial a trustee of Wilberforce University, on direct examination was asked the following question:

"I want to ask you by reason of your long connection with the University and having been the President, whether or not in your opinion it is advisable for the McGinnis property, with which

I believe you are familiar, whether or not it is advisable for the McGinnis property to be rented out for retail purposes and patronized by college students without the supervision or without the jurisdiction of the college authorities."

The court refused to permit the witness to answer upon the ground that the answer to the question was the matter for determination exclusively by the court. The refusal to permit the question to be answered was not prejudicial error for three reasons. First, the answer did not reach any issue because the plaintiff at all times expressed a willingness to permit the college authorities to exercise full supervision over the conduct of any business that might be carried on in the building owned by plaintiff. Second, its answer would have been cumulative only inasmuch as other witnesses later were permitted to answer substantially, if not identically, the question under consideration and it is apparent that the court would have permitted the testimony had the request for its reception been renewed. Third, the record does not disclose what the answer to the question would have been if permitted to be answered.

The third error assigned is directed to the admission of the testimony of an unqualified expert witness in behalf of plaintiff. This objection seems to be directed to the examination in chief of the plaintiff, as follows: "I will ask you whether or not it is your opinion based upon that known feeling that his objection to the renting this building * * *". The question was not finished, objection was made by counsel for the defendant which was sustained. There is no other objection to the testimony of this witness on the subject matter incorporated in the quoted question. We are unable to find that there is any basis for the error assigned.

We come, then, to the material and determinative assignment of error, No. 1, as heretofore quoted, which error not only tests the right of the plaintiff to any injunctive relief but also the scope of the injunctive order as carried into the judgment entry.

The material facts are not the subject of substantial dispute and in determining the application of the law we must accord to the trial judge on this appeal, which is on law only, the right to the interpretation most favorable to the judgment as entered.

At the outset we take cognizance of the fact that this action is instituted against D. O. Walker individually and not as President of Wilberforce University and express no opinion as to the right of the court to enter an injunctive order against him individually, nor the effect of the order upon him as President of Wilberforce University, nor upon his successors in office, nor upon the trustees of the University. Counsel for the appellant have raised none of these questions and we consider and pass only upon the errors assigned.

The plaintiff at the time that the defendant came to Wilberforce University as its President was an instructor in the University and held the position of Dean of Men. Some feeling was engendered between the parties, Dr. Walker insisting that plaintiff's continuance as a member of the faculty was inimical to the best interests of the University. The plaintiff was of opinion that the defendant bore antipathy toward him because of their difference in political affiliations and activities. Be that as it may, it is obvious that the relationship was not friendly nor cordial and in about three years after the coming of Dr. Walker the plaintiff was dismissed.

When Dr. Walker came to the University the building of the plaintiff was being operated under the direction of the head of the combined Normal and Industrial Departments as a book store and it is inferable that largely because of the wish of the defendant this arrangement was terminated. This change could be reconciled with a purpose to advantage the University in the handling of its books and without any

intention to directly injure the plaintiff in the rental of his business property. However, thereafter it definitely appears that the defendant took a decided stand against the rental of plaintiff's real property for any business purposes whatever. It is true that he conceded the abstract right of the plaintiff to rent his property for such purposes but it was made plain that if he did so according to the plaintiff's witnesses, he would conduct a boycott against the business. Dr. Walker denied the use of the term "boycott" but the effect of what he meant to do is plain, both by his admissions and by the undisputed testimony of the witnesses, namely, to consider the presence of any student of the University in the business established in the building of the plaintiff as a breach of discipline which might result in serious consequences to the offending student and possibly in his expulsion from the school. It is obvious that such an attitude on the part of Dr. Walker rendered it practically impossible for the plaintiff to rent his property for business purposes.

The aforesaid action of Dr. Walker in itself would not be sufficient to support injunctive relief against him · if it involved only the enforcement of a reasonable rule and regulation for the government and discipline of the students of the University of which he was the head. The opposition to the use of the building of plaintiff for any business purposes whatever was based solely upon the claim that such use might tend to impair the morals of the students and the specific reasons for such belief assigned were lack of supervision by the University, that there were two small rooms in the rear of a large room, which was in the front of the building and, that the building was completely surrounded by the campus of the University and was but a short distance from Shorter Hall, one of the main buildings on the campus and from the entrance to the campus. However, it develops that other business establishments were conducted immediately across from the campus and but

a few hundred feet from plaintiff's building. Some of them were of like character as that proposed to be carried on in plaintiff's building. In one building in particular, a restaurant was operated in which there was one room in front and two rooms to the rear thereof. The person who operated this business proposed to rent the plaintiff's building and to conduct a restaurant in it. Though the same person would conduct the same business under like conditions and in a building in which the rooms were identically arranged as in her former place of business, the defendant opposed this arrangement.

It further appears that, in all the years that the building of the plaintiff had been rented there had been no complaint of any improper conduct by any operator nor any baneful influence upon any student by reason of the operation of the business conducted therein and that those who had proposed to rent the property were of good moral character.

In the foregoing factual developments is found the basis for support of injunctive relief against the defendant. The trial judge had the right to find that there was discrimination in enforcement of the rule which the defendant proposed to invoke against plaintiff's property because the rule was not of uniform operation and there was insufficient basis for the conclusion that the use of the building as contemplated would in any probability tend to influence unfavorably the morals of the students of the University. The rule proposed was, therefore, unreasonable and arbitrary.

We have examined the texts and cases cited by the appellant and all state the general rule to be that university and college authorities may make all necessary and proper rules and regulations for the orderly management of their institutions and preservation of discipline therein but they likewise recognize that courts may and should intervene, if such rules and

regulations are found to be unauthorized, against common right, or palpably unreasonable. 27 R. C. L. 141, 11 C. J. 997, 14 C. J. S. 1362, **West v Board of Trustees of Miami University and Miami Normal School et, 41 Oh Ap 367, Koblitz v Western Reserve, 11 O. C. D. 515, State ex rel Stallard v White, (Ind.) 42 Am. Reports 503**, in which it is said,

"Regulations adopted by persons in charge of a school are analogous to by-laws enacted by municipal and other corporations, and both will be annulled by the courts when found to be unauthorized, against common right or palpably unreasonable."

The two Ohio cases heretofore cited consider the rights of private educational institutions to promulgate rules and regulations as to the conduct of their students, as did the case in Gott v Berea College, 156 Ky. 376, 161 S. W. 204. We may assume that Wilberforce University, operating under dual control of the Church and the State of Ohio, must be considered as a public institution, the rights of which institutions to promulgate rules and regulations are more critically viewed by the courts, 11 C. J. 998. Gott v Berea College, supra, may be distinguished from the instant case in that it was a private institution and the rule under consideration was general and uniform in scope and operation.

In the instant case the injunctive order should be so framed that it will not prevent Wilberforce University, through its duly constituted authorities, from promulgating any administrative rule which is reasonable and uniform in operation affecting the conduct of the students of said college.

Guether v Altman et, 26 Ind. Ap. 587, 60 N. E. 355, is cited by appellant. It is not binding upon us and we have considerable difficulty in following the action of the court in sustaining a general demurrer to the petition which alleged that Crull, a teacher in the city high school of Huntington, Indiana, which school was located across the street from plaintiff's place of business, that for several months Crull had made continual and increasing efforts by means of persuasion and threats and intimidation to prevent the pupils of said high school, of whom he had particular charge and control, from visiting or patronizing plaintiff's place of business; that he wrote letters to the parents of the pupils, containing a threat that if the pupils visited plaintiff's store they would be suspended from high school and that all of the actions charged against Crull were done maliciously and without reason or cause and that he was in the employ of the Board and of the Superintendent, all of whom were defendants and that his actions were in pursuance of instructions given him by such school board and superintendent. It will be noted, however, that the action was in law for damages and insofar as we can determine from the opinion in the case no injunctive relief whatever was prayed.

The plaintiff is entitled to injunctive relief, inasmuch as it was conceded that the defendant had full right and authority to prescribe rules and regulations governing the conduct of the students of Wilberforce University and the order as carried into the judgment entry is appropriate. But, inasmuch as it is a final order, it would be proper to add to the judgment entry a further statement that it is not intended to prohibit any proper administrative rule or regulation affecting the conduct of the students of Wilberforce University, which is uniform in operation and is not directed especially against the plaintiff in the conduct of any business that may be established on the property described in the petition. With this suggested modification which may be made the subject of appropriate entry, the judgment will be affirmed.

GEIGER, PJ. and BARNES, J., concur.