**Jim WADSWORTH, Plaintiff,**

**v.**

**NALCO CHEMICAL COMPANY, a corporation, Defendant.**

Civ. A. No. 81–G–0211–S.

United States District Court,
N. D. Alabama, S. D.

Sept. 16, 1981.

Joe S. Erdberg, Birmingham, Ala., for plaintiff.

Eugene D. Martenson, Huie, Fernambucq, Stewart & Smith, Birmingham, Ala., for defendant.

## MEMORANDUM OPINION

GUIN, District Judge.

This case, an action for wrongful interference with a business relationship and breach of contract, comes before the court on defendant's motion for summary judgment. For the reasons stated herein, the court finds summary judgment due to be granted the defendant.

The plaintiff, Jim Wadsworth, was employed by Betts-Entec Corporation as a salesman in Alabama. Becoming dissatisfied with working conditions, he began casually seeking other employment and contacted an employment agency. That agency placed him in contact with the defendant, Nalco Chemical Company (Nalco), and on September 5, 1980, he met and interviewed with Bob Barrentine, Birmingham District Manager for Nalco. He filled out an employment application on which he indicated that he did not wish his present employer to be contacted as a reference or for any information. In his deposition, Mr. Wadsworth stated that he also personally told Mr. Barrentine that he did not want his present employer contacted, and that Mr. Barrentine assured him that the interview would be kept confidential.

A short time later, Mr. Wadsworth traveled to the Nalco home office in Oak Brook, Illinois. There he met with several officials of Nalco. He stated that he asked Mr. Bloemke, one of the officers, not to contact Betts-Entec, but that he did not make that same request of others with whom he interviewed. Nalco offered Mr. Wadsworth a position in Oklahoma City which Mr. Wadsworth admitted in his deposition was a genuine offer although he subsequently turned it down.

On November 5, 1980, Betts-Entec terminated the plaintiff's employment. At that time, Mike Murphree, his supervisor, contacted Mr. Wadsworth and informed him that he had the choice of being terminated or resigning, and indicated that he was aware of the plaintiff's interview with Nalco. Mr. Wadsworth filed suit in state court against Nalco, alleging wrongful interference with business relationship and breach of contract. The defendant subsequently removed the case to this court, where jurisdiction exists by virtue of diversity of citizenship and the amount in controversy.

The thrust of the defendant's motion for summary judgment rests upon its contention that Nalco did not act "wrongfully, maliciously, unlawfully and unjustifiably" as is required for recovery for wrongful interference with business relationship, and that no contract existed between plaintiff and defendant which could have been breached. Having reviewed the pleadings, submissions of counsel, affidavits, the plaintiff's deposition, and applicable law, the court concludes that the defendant's position is well taken.

## WRONGFUL INTERFERENCE WITH BUSINESS RELATION CLAIM

■ Alabama law requires that, in order to recover, the interference with the business relationship must be intentional, malicious, wrongful, and willfully caused. *See, Tennessee Coal, Iron & Ry. Co. v. Kelly,* 163 Ala. 348, 50 So. 1008 (1909); *Byars v. Baptist Medical Centers, Inc.,* 361 So.2d 350 (Ala.1978); *Dick Meyers Towing Service, Inc. v. United States,* 577 F.2d 1023 (5th Cir. 1978) *cert. den.* 440 U.S. 908, 99 S.Ct. 1215, 59 L.Ed.2d 455 (1979); *Griese-Traylor Corp. v. First National Bank of Birmingham,* 572 F.2d 1039 (5th Cir. 1978); *Hennessey v. National Collegiate Athletic Association,* 564 F.2d 1136 (5th Cir. 1977). A merely negligent interference does not give rise to a cause of action and no recovery may thus be had unless the plaintiff shows that the interference was intentional or knowing.[1] *Dick Meyers Towing Service, Inc. v. United States,* 577 F.2d 1023, 1024–25 (5th Cir. 1978).

■ Further, as the Alabama Supreme Court has recently stated,

Alabama law recognizes only two types of tortious interference with contractual relations. One is where an employee is enticed to leave his employment, and the other is where a party has been "procured against his will or contrary to his purpose, by coercion or fraud, to break his contract with another." *Erswell v. Ford,*

208 Ala. 101, 103, 94 So. 67, 69 (1922). *Also see, Homa-Goff Interiors Inc. v. Cowden,* 350 So.2d 1035 (Ala.1977).

*Day v. Ray E. Friedman & Co.,* 395 So.2d 54, 60 (Ala.1981). The allegations of plaintiff's case do not place his claim within either of these types of tortious interference claims.

In *Hennessey v. National Collegiate Athletic Association,* 564 F.2d 1136 (5th Cir. 1977), the Fifth Circuit adopted and published the opinion of Judge Pointer of this district. That case involved a claim for tortious interference with contract rights. Although the plaintiff's claim was not premised upon a valid contract, as required by *Volz v. Liberty Mutual Insurance Co.,* 498 F.2d 659 (5th Cir. 1974), Judge Pointer noted that Alabama law does recognize a cause of action in employment circumstances where the terminated employee did not have enforceable contractual rights against his employer, and treated the plaintiff's claim as such. The claim asserted by Mr. Wadsworth in this case then is similar to the claim considered in *Hennessey* in that Wadsworth's employment was terminable at will. After examining Alabama law and the Fifth Circuit opinion in *Volz,* Judge Pointer rendered the following synopsis of the law:

Mere interference is not by itself sufficient. To be actionable, the interference must be—depending upon the particular opinion one reads—"wrongful", "malicious", "unlawful", or "unjustified". In the typical case, the defendant is charged with having pressured an employer into discharging its employee, the plaintiff, as a means by which the defendant sought to obtain something from the plaintiff (such as settlement of a claim) or as retaliation for some independent grievance which the defendant had against the plaintiff. And when the Court of Appeals holds that the interference must be accompanied by "fraud, force, or some form of coercion," it should be understood

---

1. The plaintiff alleges in Count III of the complaint that the defendant "negligently allowed the Plaintiff's employer, Betts-Entec, Inc., to

find out that the Plaintiff had interviewed with the Defendant ...." Such allegation fails to state a cause of action.

that a third party's pressure upon an employer to discharge an employee does not suffice. Rather, the Fifth Circuit was referring to situations where the discharge was procured to force or coerce the employee to do some act. See, e. g., *Evans v. Swaim*, 245 Ala. 641, 18 So.2d 400 (1944); *Hill Grocery Co. v. Carroll*, 223 Ala. 376, 136 So. 789 (1931); *United States Fidelity & Guaranty Co. v. Millonas, supra* [206 Ala. 147, 89 So. 732]. 564 F.2d at 1143 (footnote omitted).

■ There has been no showing made that the defendant acted wrongfully, maliciously, unlawfully or unjustifiedly. Further, nothing indicates that the defendant intentionally informed Betts-Entec that the plaintiff had applied for a job. The affidavit of David P. Rynd, filed in support of the motion for summary judgment, indicates one possible way by which Betts-Entec received information of Mr. Wadsworth's application with Nalco. Mr. Rynd, a field representative for Nalco, overheard a conversation between Mr. Barrentine and Nalco headquarters in which Mr. Wadsworth's employment application and interview were discussed. He casually mentioned to Glen Brown of Avondale Mills in Sylacauga, Alabama, a customer of Wadsworth and Betts-Entec, that he had heard that Wadsworth was leaving Betts-Entec to join Nalco. Mr. Rynd stated that this comment was merely a passing remark, made without any specific intent and without knowledge of any confidential agreements.

■ In response to the motion for summary judgment and to refute Mr. Rynd's affidavit, the plaintiff filed his own affidavit. In seeking to raise a question of fact, Mr. Wadsworth makes various allegations as to Mr. Rynd's motive and other activities of Nalco—none of which were based on personal knowledge as required by Rule 56(e) of the Federal Rules of Civil Procedure. Further, Mr. Wadsworth's affidavit contains little that is not hearsay and therefore inadmissible in evidence. Thus, Mr. Wadsworth's affidavit fails to meet the requirements of Rule 56(e) and cannot be considered in its entirety. Having failed to

set forth the requisite specific facts to support the allegations of the complaint, the plaintiff cannot merely rest upon a vague claim that a genuine issue of fact exists. Summary judgment therefore should be granted the defendant as to the tortious interference with business relationship claim.

### BREACH OF CONTRACT CLAIM

Count II of the complaint alleges that both an oral and written contract existed between the plaintiff and defendant in which Nalco agreed to keep all matters confidential. In his deposition, Mr. Wadsworth testified that his claim for breach of a written contract was based on the employment application on which he indicated that his present employer was not to be contacted. He contends that an oral contract exists based upon the verbal promises of Mr. Barrentine and Mr. Bloemke, with whom he interviewed, that they would keep all matters confidential.

■ The court fails to see how an oral promise or the plaintiff's unilateral indication on the application rise to the level of an enforceable contract. Neither are supported by consideration as is necessary to the enforceability or validity of a contract. *See* 17 Am.Jur.2d Contracts § 86. The plaintiff has made no attempt to show that a valid, enforceable contract existed between him and the defendant upon which he can recover for breach.

■ Further, as to the alleged oral contract, the plaintiff testified that he only requested Mr. Barrentine and Mr. Bloemke not to contact Betts-Entec, although he talked with numerous other people with Nalco. The plaintiff also admitted that he had no knowledge that Mr. Barrentine or Mr. Bloemke contacted Betts-Entec. Even if there were some form of consideration to support this alleged oral contract, there has been no attempt to show that it was breached by any of the parties to it.

■ It is well established law that a mere promise without consideration is not binding or enforceable. *See* 17 Am.Jur.2d

Contracts §§ 2, 86. In order to recover for breach of contract, the plaintiff must first show the existence of a valid, enforceable agreement. *See, Cocke v. Odom*, 385 So.2d 1321, 1322 (Ala.App.1980). The plaintiff did not attempt to support his allegations of breach of contract by an affidavit or otherwise. Under the requisites of Rule 56(e), Federal Rules of Civil Procedure, the plaintiff may not merely rest upon the allegations of his complaint, but must set out specific facts, by affidavit or otherwise, to support his claim that a genuine issue of material fact exists. The plaintiff having failed to so respond, and the court finding that the defendant is entitled to judgment as a matter of law, summary judgment will be entered against the plaintiff on the breach of contract claim also.

### CONCLUSION

For the reasons stated herein, the court concludes that there exists no genuine issue of material fact, and that judgment is due to be granted the defendant as a matter of law. Therefore, summary judgment shall be entered in favor of the defendant and against the plaintiff. A separate order is being entered contemporaneously.