■ JOHN P. MANSOUR, Appellant, v ROBERT ABRAMS et al., Respondents.—Order unanimously modified, on the law, and, as modified, affirmed, without costs, in accordance with the following memorandum: Special Term dismissed the complaint for failure to state any cause of action pursuant to CPLR 3211 (a) (7) and dismissed the first four and part of the fifth, sixth and seventh causes of action on the further ground that they were time barred.

Special Term erred with respect to five of the causes of action. "[A] complaint should not be dismissed on a pleading motion so long as, when the plaintiff is given the benefit of every possible favorable inference, a cause of action exists" *(Rovello v Orofino Realty Co.,* 40 NY2d 633, 634).

Libel was sufficiently alleged in causes of action numbered five, six and seven; five and seven against the defendants generally, and six against defendants Marcus and Goldstock *(see,* 44 NY Jur 2d, Defamation and Privacy, § 158). Whether the claims have merit is not before us *(see, Stukuls v State of New York,* 42 NY2d 272). We do not read these causes of action as alleging publication on March 16, 1983, but, to the extent that such claim is made, we agree with Special Term that publication on that date would be time barred.

The eighth cause of action alleges tortious interference by defendants Goldstock and Marcus with plaintiff's employment

contract, concededly terminable at will. Until it was terminated by the employer or the employee, both had an interest in it. Improper interference with a contract terminable at will is actionable *(see, Guard-Life Corp. v Parker Hardware Mfg. Corp.,* 50 NY2d 183, 190; Restatement [Second] of Torts § 766 comment g).

The eleventh cause of action alleges that defendants discharged plaintiff from his employment in violation of his rights under the 1st Amendment and 42 USC § 1983. A constitutionally impermissible purpose or a statutory proscription limits an employer's right to terminate an employment at will *(Murphy v American Home Prods. Corp.,* 58 NY2d 293, 305).

We have examined the remaining arguments on appeal and find them to be without merit. (Appeal from order of Supreme Court, Monroe County, White, J.—summary judgment.) Present—Callahan, J. P., Doerr, Denman and Pine, JJ.