Thomas S. **BOCHNOWSKI**, Appellant (Plaintiff Below),

v.

**PEOPLES FEDERAL SAVINGS & LOAN ASSOCIATION, David A. Bochnowski, President, Chief Executive Officer and Director; William L. Kennedy, Director; Harold G. Rueth, Director; Leroy F. Cataldi, Director; Gloria C. Gray, Director; Lourdes M. Dennison, Director; John J. Wadas, Jr., Director, Appellees (Defendants Below).**

No. 64A04–8802–CV–52.[1]

Court of Appeals of Indiana, First District.

Nov. 9, 1988.

Rehearing Denied Dec. 14, 1988.

---

1. This case was diverted from the Fourth Dis-    trict by direction of the Chief Judge.

Robert E. Stochel, John M. O'Drobinak, P.C., Crown Point, for appellant.

Mark A. Lienhoop and Leon R. Kaminski, Newby, Lewis, Kaminski & Jones, LaPorte, Steven A. Johnson, Spangler, Jennings, Spangler & Daugherty, Merrillville, for appellees.

ROBERTSON, Judge.

Thomas S. Bochnowski brings this appeal challenging the granting of summary judgment in favor of the defendants-appellees (Peoples Federal) below in Bochnowski's action for tortious interference with a contractual or business relation.

We affirm.

Bochnowski alleged in his complaint that he had been employed for over two years as an appraiser by Vernon E. Lee & Associates which did real estate appraisals for the appellee, Peoples Federal Savings & Loan Association (Peoples Federal) when the appellees, members of the Board of Directors of Peoples Federal, conspired to cause Bochnowski's discharge from employment. Bochnowski alleged Peoples Federal coerced and threatened Vernon E. Lee & Associates with the loss of real estate appraisal work if Bochnowski did not settle to the appellees' advantage, litigation brought against him by a subsidiary of Peoples Federal. As a result of such coercive and malicious acts, Bochnowski alleges he was discharged from his employment.

An action for tortious interference with a contractual relationship cannot be maintained in Indiana without a valid and enforceable contract. *Stanley v. Kelley* (1981), Ind.App., 422 N.E.2d 663, 667 *trans. denied; Biggs v. Marsh* (1983), Ind. App., 446 N.E.2d 977, 983, *trans. denied.* Where there is no promise on the part of the employer that employment will continue for a definite period of time and no binding promise on the part of the employee he will continue in employment, the employment relationship is terminable at will. Such a contract terminable at will cannot form the basis of an action for interference with a contractual relationship. *Kelley, supra.*

The facts and inferences viewed favorably toward Bochnowski do not disclose a genuine factual dispute on this element. Neither of Bochnowski's affidavits address the terms of his employment; however, Bochnowski maintains the employer-employee guidelines he signed when he became associated with Vernon E. Lee & Associates demonstrates he was not an employee at will because he agreed not to accept private appraisal assignments in exchange for employment.

Bochnowski does not claim his agreement to refuse private appraisal assignments was given in exchange for the promise of permanent employment and the employer-employee guidelines do not speak to the duration of his employment. Bochnowski having failed to show he gave independent consideration in return for permanent employment, *see Hamblen v. Danners, Inc.* (1985), Ind.App., 478 N.E.2d 926, 928, he has failed to demonstrate he had a contract of employment upon which to maintain his cause of action.

Nonetheless, Indiana law recognizes an action may lie for tortious interference with a business relationship even where no valid contract exists. *Biggs v. Marsh, supra.* However, it is critical that the defendants act illegally in achieving this end. *Id.* An act which is lawful in itself and which violates no right cannot be made actionable because of the motive which in-

duced it. A malicious motive will not make wrong that which in its own essence is lawful. *See, Biggs, supra* at 983, n. 8; *Guethler v. Altman* (1901), 26 Ind.App. 587, 590, 60 N.E. 355; *Dye v. Carmichael Product Co.* (1917), 64 Ind.App. 653, 116 N.E. 425.

■ Assuming the truth of the facts alleged by Bochnowski, the only act relied upon as furnishing a cause of action was Peoples Federal's threat to discontinue using Vernon E. Lee & Associates for their future appraisal work. Bochnowski does not dispute that Peoples Federal could lawfully discontinue its working relationship with Vernon E. Lee & Associates at any time as to future appraisal assignments. Hence, Peoples Federal's motive or purpose in threatening to terminate the business relationship between Peoples Federal and Vernon E. Lee & Associates are irrelevant, *see Miller v. Ortman* (1956), 235 Ind. 641, 136 N.E.2d 17; *Guethler, supra; Dye, supra,* and Bochnowski has failed again to establish a material factual dispute. The trial court therefore did not err in ruling that Peoples Federal was entitled to judgment as a matter of law.

JUDGMENT AFFIRMED.

HOFFMAN, J., concurs.

RATLIFF, C.J., dissents with separate opinion.

RATLIFF, Chief Judge, dissenting.

I respectfully dissent. The rule of law found in *Stanley v. Kelley* (1981), Ind.App., 422 N.E.2d 663, which provides that a defendant may induce the discharge of an at-will employee and not be subject to a suit for the tortious interference with an employment relationship absent illegal action, imposes a minority position that is unjust and unreasonable for two reasons. First, this rule is based upon the mistaken conclusion that since the employee has no enforceable rights against the employer's decision to discharge, he likewise has no cause of action against the interferer absent illegal action. A majority of jurisdictions have rejected this faulty reasoning and broad conclusion. *Truax v. Raich*

(1915), 239 U.S. 33, 36 S.Ct. 7, 60 L.Ed. 131; *American Surety Co. v. Schottenbauer* (8th Cir.1958), 257 F.2d 6 (applying Minnesota law); *Evans v. Swaim* (1944), 245 Ala. 641, 18 So.2d 400; *Hill Grocery Co. v. Carroll* (1931), 223 Ala. 376, 136 So. 789; *Mason v. Funderburk* (1969), 247 Ark. 521, 446 S.W.2d 543; *Kozlowsky v. Westminster National Bank* (1970), 6 Cal.App.3d 593, 86 Cal.Rptr. 52; *Gibson v. Fidelity and Casualty Co.* (1907), 232 Ill. 49, 83 N.E. 539; *London Guarantee and Accident Co. v. Horn* (1903), 206 Ill. 493, 69 N.E. 526; *Hilton v. Sheridan Coal Co.* (1931), 132 Kan. 525, 297 P. 413. In rejecting the conclusion reached in *Stanley,* the United States Supreme Court reasoned in *Truax,* as follows:

"The right to earn a livelihood and to continue in employment unmolested by efforts to enforce void enactments should similarly be entitled to protection in the absence of adequate remedy at law. It is said that the bill does not show an employment for a term, and that under an employment at will the complainant could be discharged at any time, for any reason or for no reason, the motive of the employer being immaterial. The conclusion, however, that is sought to be drawn, is too broad. The fact that the employment is at the will of the parties, respectively, does not make it one at the will of others. The employee has manifest interest in the freedom of the employer to exercise his judgment without illegal interference or compulsion and, by the weight of authority, the unjustified interference of third persons is actionable although the employment is at will."

*Truax,* 239 U.S. at 38, 36 S.Ct. at 9, 60 L.Ed. at 134 (citations omitted). I agree with the reasoning adopted by the majority of jurisdictions. Thus while Bochnowski's at-will status should preclude him from recovering damages in a suit against his employer for being discharged, his at-will status should not preclude a suit against Peoples Federal. Therefore, I believe the reasoning in *Stanley* which precludes a suit against Peoples Federal based upon Bo-

chnowski's at-will status should be rejected and the rule preventing recovery should be changed.

The second reason that the rule in *Stanley* should be changed is that this rule enables and entitles a defendant/interferer to induce the termination of an at-will employee without a legitimate business justification. Such influencing ability has been held to be inequitable and improper. Prosser, Law of Torts § 129 p. 946 (4th ed. 1971); Annot., 79 A.L.R. 672 (1977). While a defendant may not be held liable for inducing the termination of an at-will employee if a legitimate business justification exists, "when there is no competitive relation, but the object is to put pressure upon the plaintiff and coerce him into complying with the defendant's wishes in some collateral matter—as where an employer is induced to discharge a workman in order to compel him to pay the defendant a debt, prevent him from bringing a suit, or force him to compromise a claim, or for the purpose of extorting money from him," then a defendant may be held liable for the resultant damage to the employee. Prosser, at 746 (footnote omitted). Thus, a defendant should not be allowed to interfere to secure an unrelated advantage against an at-will employee. *Id.* A majority of jurisdictions agree and hold that an at-will employee may bring suit and recover damages from a defendant who induces the termination of the at-will employee without justification. Prosser, pp. 932–33; *Truax, supra; Schottenbauer, supra; Evans, supra; Wagenseller v. Scottsdale Memorial Hospital* (1985), 147 Ariz. 370, 710 P.2d 1025; *Mason, supra; Kozlowsky, supra; American Standard, Inc. v. Jessee* (1979), 150 Ga. App. 663, 258 S.E.2d 240; *Gibson, supra; Horn, supra; Hilton, supra; Pino v. Trans–Atlantic Marine, Inc.* (1970), 358 Mass. 498, 265 N.E.2d 583; *Smith v. Ford Motor Co.* (1976), 289 N.C. 71, 221 S.E.2d 282, 79 A.L.R.3d 651; *Sides v. Duke Hospital* (1985), 74 N.C.App. 331, 328 S.E.2d 818; *Mansour v. Abrams* (1986), 120 A.D.2d 933, 502 N.Y.S.2d 877; *Smith v. Klein* (1985), 23 Ohio App.3d 146, 492 N.E.2d 852; *Del State Bank v. Salmon* (1976), Okla., 548 P.2d 1024; *Lewis v. Oregon Beauty Supply Co.* (1987), 302 Or. 616, 733 P.2d 430; *Ladd v. Roane Hosiery, Inc.* (1977), Tn., 556 S.W.2d 758; *Bachand v. Connecticut General Life Ins. Co.* (1981), 101 Wis. 2d 617, 305 N.W.2d 149.

The foregoing authorities clearly enunciate the better rule with regard to the interference with an at-will employment relationship. Accordingly, I believe the rule in *Stanley* should be overturned and modified, and if Peoples Federal induced the termination of Bochnowski without a legitimate business justification, Bochnowski should be entitled to recover damages. The evidence in the present case conflicts as to whether Bochnowski was terminated based upon an inducement by Peoples Federal and as to whether Peoples Federal's alleged inducement was supported by a legitimate business justification. Therefore, I would reverse the trial court's grant of summary judgment and remand for trial.