### SMITH *v.* DOWNING.

Possession of a chattel, pursuant to a purchase, is *prima facie* evidence of title.

The levy of a distress warrant constitutes of itself a distraint.

If, under the R. S. 1843, a chattel was levied upon by a distress for rent, when no rent was due, the owner was entitled to recover from the distrainor double the value of the chattel, though he had regained the possession.

Action under s. 220, p. 830, R. S. 1843, to recover double the value of a distress.

*Held*, that the averment that no rent was due was of the substance of the declaration.

*Held*, also, that the burden of proving that averment was on the plaintiff.

Plenary proof of a negative averment is not, in such a case, necessary; it being sufficient to adduce such evidence, as, in the absence of counter evidence, affords ground for presuming the averment to be true.

In trover, for the unlawful seizure of goods, the fact that the plaintiff may have reclaimed them, does not go in bar of the action, but merely in mitigation of damages.

Trover, for the unlawful seizure of goods. It was proved on the trial that the goods had been restored to the owner, and it was not shown that the plaintiff had suffered any damages from the seizure. Judgment having been rendered for the defendant, *held*, that the plaintiff was not entitled to a new trial.

ERROR to the *Vigo* Circuit Court.

DAVISON, J.—Trespass on the case. The declaration contains three counts. The first charges that *Smith* was

the owner of one thousand bushels of corn worth 200 dollars, in certain pens situate on land in *Vigo* county, viz., the *south-east* quarter of section twenty-four, in township thirteen north, of range *nine* west; and that *Downing* distrained said corn for rent pretended to be due to him on said land, when in truth no rent was due. The second count varies from the first, in this only: it alleges that *Downing* took the corn from the land above described, by unlawful distress, for the rent due him on and for the south-east quarter of section twenty-four, township thirteen north, of range *seven* west, when, &c. These counts are founded on section 220, c. 45, R. S. 1843, which provides that, "the owner," &c., "of any property distrained for rent pretended to be due, when in truth no rent was due, may, by an action of trespass on the case, recover against the person so distraining, or his personal representatives, double the value of the goods so distrained." The third count is in trover for the corn. Plea, not guilty. The Court tried the cause and found for the defendant. New trial refused and judgment.

One *Lindley*, it appeared, was the owner of a tract of land in said county, described as the *south-west* quarter of section twenty-four, in township thirteen north, of range *nine* west, which, for the year 1848, he had leased to one *Hill*. Within that year, the leased premises were sold on execution to *Downing*, the present defendant. In *April*, 1849, *Lindley* distrained the corn in dispute for the rent due from *Hill* for the year 1848. It was sold as a distress, and bought by one *Salmon Wright*, who afterwards sold it to *Smith*, the plaintiff. After this, in *June*, 1849, *Downing* filed his affidavit before a justice, alleging that *Hill* was indebted to him 300 dollars for the rent of the same land for the year 1848, and thereupon procured a distress warrant, which, on the 6th of *August*, 1849, was levied on said corn. This levy was made while *Smith* was in the act of hauling it away, and, on account of said levy, his wagons were stopped. There was some evidence tending to prove that a trial of the right of property, relative to the corn, was had between *Smith* and *Downing*, but how it resulted

is not shown. After the levy, *Smith*, in the language of a witness, "got the corn," which was at that time worth 200 dollars. It was proved that *Lindley* never surrendered possession of the land to *Downing*.

When the distress warrant was levied, *Smith*, under a sale to himself, was in full possession of the corn. This was sufficient, *prima facie*, to establish his right of property. That he re-possessed it after the levy is not important, because the levy itself constituted a distraint. And if, at the time it was made, "no rent was in truth due," the plaintiff, under the first and second counts, was entitled to recover double the value of the goods distrained.

But the main point of inquiry is, does the evidence prove that no rent was due from *Hill* to the defendant? This was, no doubt, a material averment in the counts, without which they would have been defective in substance. And though that averment is negative in its character, still the plaintiff grounds his action upon it, and it being thus an essential element in his case, the burden of proof rested on him. 1 Greenl. Ev., s. 78.

It is true, plenary proof on the part of the plaintiff, in cases like the present, is not required. It has been "considered sufficient if he offer *such evidence* as, in the absence of counter testimony, would afford ground for presuming the allegation to be true." Has "such evidence" been adduced in the case before us? The Court below, sitting as a jury, seems to have answered this question negatively, and we are not prepared to say that its conclusion is not correct. There is nothing in the circumstance that the premises were never surrendered by *Lindley* to the defendant, inconsistent with his title to all the rent that accrued after he bought them at sheriff's sale. The record, in our opinion, contains no evidence that allows the inference that no rent was due from *Hill* to the defendant.

It remains to be inquired, whether the plaintiff was entitled to recover upon the count in trover? The evidence fully sustains his title to the corn. If it was seized and taken from his possession, the mere fact that he afterwards

"got the corn" would not defeat the action; it would only go in mitigation of damages; and the plaintiff, notwithstanding he had regained his property, would still have the right to recover damages commensurate with the injury suffered from such illegal seizure. *The Greenfield Bank* v. *Leavitt*, 17 Pick. 1.—*Higgins* v. *Whitney*, 24 Wend. 379. But the evidence, though all upon the record, was insufficient to have supported a recovery. The corn, it is true, was proved to have been worth 200 dollars; that, however, was restored to its owner; but it was not shown that the plaintiff incurred any amount of damage from the seizure of his property. Nor do the proofs furnish any data upon which damages, on that account, could have been estimated. *Conwell* v. *Emrie*, 4 Ind. R. 209.

We perceive no sufficient reason in support of the motion for a new trial.

*Per Curiam.*—The judgment is affirmed with costs.

*J. P. Usher*, for the plaintiff.