ESTATE OF GAUGH, DECEASED, CARMICHAEL AND VERMILLION, CO-ADMINISTRATORS, ETC. *v.* GORE ET AL.

[No. 18,501. Filed December 15, 1954. Rehearing denied January 21, 1955. Transfer denied March 2, 1955]

*Harold J. Anderson, Ralph F. Mattingly,* and *John D. Staggenburg,* all of Anderson, for appellants.

*William L. Peck,* of Anderson, for appellees.

BOWEN, J.—This is an appeal from a judgment on a claim against an estate brought by the appellees, Joe Gore and Martha Gore, against the appellants, The Estate of Ida M. Gaugh, deceased, and Cecil C. Carmichael and Paul Vermillion, Co-Administrators of the estate of Ida M. Gaugh, deceased, for services allegedly

rendered by appellees to George Gaugh and Ida M. Gaugh in their lifetime.

Issues were joined on the second amended claim of the appellees alleging services for a period of approximately five and one-half years to Ida M. Gaugh and George Gaugh at the request of Ida M. Gaugh, and that Ida M. Gaugh promised and agreed to pay the claimants for such services, and that she agreed to make a will leaving the claimants certain real estate, personal property and government bonds. The claimants alleged that such services were of the reasonable value of $75 per week for all of the time except a six-month period prior to the death of George Gaugh and a six-month period prior to the death of Ida M. Gaugh when their services were of the reasonable value of $100 per week. The claimants prayed judgment for $45,250. The cause was tried by a jury and the jury returned a verdict upon which judgment was rendered in favor of claimants in the amount of $25,000. From this judgment the appellants have appealed.

Sole error assigned for reversal is that the court erred in overruling appellants' motion for a new trial. Grounds of the motion for a new trial are that the verdict is not sustained by sufficient evidence and is contrary to law, that there is error in the assessment of the amount of recovery, in that the amount of recovery is too large, and that the defendant estate had newly discovered evidence that was not discovered after due diligence until after the trial and verdict of the jury.

The evidence is voluminous from numerous neighbors of the Gaughs that the claimants performed various types of services during the period in question, such as mowing the lawn and doing general household chores and duties, taking the parties

to the doctor, barber shop and grocery, carrying in coal, trimming hedges, and generally assisting in and about the household. There is substantial evidence to support the jury's verdict that the services were performed by the claimants during the period alleged in the claim.

Difficulty arises in connection with the evidence with reference to the value of such services. Two expert witnesses testified, a Mrs. Goble and a Mrs. Rahbeck, who were nursing home operators. In answer to hypothetical questions Mrs. Rahbeck fixed the total value of the services performed in figures ranging from $20,445 to $22,600. Mrs. Goble, in answer to hypothetical questions, fixed the value of the services performed at a maximum figure of $22,600.

The appellants insist that the verdict is excessive and disproportionate to the evidence most favorable to the appellees. The appellees in their response assert that relying on the case of *First Bank & Trust Co. of South Bend* v. *Tellson* (1954), 124 Ind. App. 478, 118 N. E. 2d 496, recently decided by this court, the rule is well established that where the reasonable amount of recovery is in dispute under the evidence, the amount awarded cannot be considered excessive if it is within the scope of the evidence before the court. Furthermore, the appellees in their brief further assert that the hypothetical questions asked of the expert witnesses understated the evidence and that there was substantial evidence of value to support the amount of recovery. The law is well settled that in the determination of the value of services the jury is not limited in its determination to evidence of value submitted by expert witnesses. However, from an examination of the record in the instant case, while there is evidence of the performance of services on the part of the appellees,

there is absolutely no evidence, lay or otherwise, as to the value of those services except as such value is fixed by the testimony of the expert witnesses. In order for the jury to have returned a verdict in the amount which was awarded in the instant case, it was necessary that there be evidence of the value of such services to the amount awarded by the jury. As stated in *First Bank & Trust Co. of South Bend* v. *Tellson, supra,* "the amount of the recovery assessed is below the amount shown by a part of the evidence, therefore the amount of the recovery cannot by this court be held to be too large." In the Tellson case there was evidence that the services performed varied from 75 cents to $1 on one extreme to $4 an hour on the other, which evidence of value was in excess of the amount of the judgment. In the present case the value for specific services is fixed in answer to specific hypothetical questions. There is no evidence of value as to services, either lay or expert, in excess of the sum fixed by the expert witnesses. Therefore, any sum awarded in excess of the evidence of value which exceeded $22,600 was excessive and unsupported by evidence.

Further specification of error by the appellants is based upon the alleged error of the trial court in refusing to sustain their motion for a new trial with reference to their specification of newly discovered evidence. The law looks with disfavor upon applications for a new trial upon the grounds of newly discovered evidence. Such evidence must not be cumulative and a new trial will not be granted on newly discovered evidence unless it is so convincing as to raise a strong presumption that a different result would be reached on a new trial, and the granting of such a motion is largely within the trial court's discretion. *Cobler, Admr.* v. *Prudential Life Ins. Co.* (1941), 108 Ind. App.

641, 31 N. E. 2d 678; *Hull* v. *Burress* (1950), 120 Ind. App. 507, 93 N. E. 2d 213.

The newly discovered evidence sought to be made the basis of a new trial in the instant case is the proffered testimony of one Walter E. Johnson who contacted the attorneys for the appellants and made affidavit in substance that prior to the death of George Gaugh the Gaughs had little need or necessity for outside services and what additional services were needed were performed by the said Walter E. Johnson and not by claimants and appellees herein, and he offered to testify as to certain conversations as to services with the Gaughs.

From an examination of the whole record in this case it does not appear that the trial court abused its discretion in refusing to grant a new trial on such grounds of newly discovered evidence. Such evidence was cumulative in nature to the evidence offered in connection with the issues in the case, and it cannot be said that such evidence would probably produce a different result. The lower court did not therefore err in refusing to grant appellants' motion for a new trial on such grounds.

From an examination of the record in the light of the assignments of error, we are of the opinion that damages over and above $22,600 have not been proven, and to the extent that they exceed that amount they are excessive. Since the evidence warrants recovery to the substantial amount of $22,600, and the excess of $2,340 being small enough proportionately as not to affect the substantial rights of the parties, the court hereby orders and adjudges that in the event the appellees file a *remittitur damnum* in accordance with this holding within thirty days from

the date hereof in the amount of $2,340, the judgment so remitted is affirmed; otherwise, this cause is remanded with instructions to sustain appellants' motion for a new trial.

NOTE.—Reported in 123 N. E. 2d 199.