MATIS *v.* YELASICH.

[No. 18,761. Filed March 6, 1956.]

*Louis H. George* and *John Kappos,* of Gary, for appellant.

*Morris Chudom,* of Gary, for appellee.

KENDALL, J.—Action by appellant to have appellee determined to be the father of her child, born out of wedlock, and to provide for the expenses and care as provided by statute.

Trial by court resulting in finding in favor of appellee in that he was not the father of such illegitimate child.

Motion for new trial contended that (1) the decision was not sustained by sufficient evidence and was contrary to law; (2) abuse of discretion of the trial court in preventing appellant from having a fair trial; (3) newly discovered evidence; (4) error of law occurring at the trial.

Specifications two and four are not argued in appellant's brief; neither are authorities cited in support thereof, and are, therefore, waived.

The assignment of errors are, (1) the overruling of the motion for new trial; (2) error of court in reversing its order granting appellant a new trial; (3) error in denying appellant's motion to strike out and expunge the order denying new trial.

The first specification of the new trial motion presents no question since the burden of proof was upon appellant.

The evidence reveals that appellant was twenty-six years of age and unmarried; that she had one other illegitimate child, four years of age. She testified that

the appellee was the father of the first child; that no proceedings were had for the determination of parenthood of the first child, which child she later permitted to be adopted; that the child concerned in this proceeding was born June 16, 1951; that she had gone with the appellee off and on for approximately six to seven years; that the child was born prematurely, said birth occurring in the eighth month.

Appellant said she became pregnant October 23, 1950; that she saw appellee in November, 1950, and told him she was pregnant, at which time he said that he did not think that she was, but if she was, he was not the father of the unborn child. Appellant testified that in October, 1950, she did not go with any other man.

A witness for appellee testified that appellant had had two miscarriages and one abortion; that appellant had told the witness she did not know who to blame for her downfall, referring to the second child, or who the father of the child was; that appellant admitted to the witness of having intimate relations with her brother-in-law, which was denied by appellant. The appellee testified that the only act of intimate relations he ever had with appellant was in January, 1951, (child born June, 1951) ; that appellant had likewise told him she had been intimate with her brother-in-law; that appellant told appellee that she had been intimate with other men, and appellee testified that he denied being the father. The appellant admitted having an abortion in April, 1950, but denied having miscarriages although she testified she had taken certain pills. The evidence describes the frequency of illicit acts as described by appellant.

Appellant contends that the decision of the trial court is contrary to law because of lack of evidence.

She argues that it is reasonable to infer that the appellee was the father of the child since the parties had gone together off and on for a long period of time and since there was no evidence that she had intimate relations with anyone else. The evidence before the trial court in this respect was conflicting. The court heard all of the evidence and had an opportunity to observe the parties and their demeanor.

One of the most firmly-established rules of law by which this court is unalterably bound is that conflicts in the evidence and the weight thereof are to be determined by the trial court, and that function having been performed by the trial court, this court cannot substitute its opinion for that of the trier of the facts. To do otherwise, we would have to weigh the evidence. *Newton* v. *Cecil* (1955), 125 Ind. App. 416, 124 N. E. 2d 713, and cases cited therein. The judgment therefore was not contrary to law.

Appellant filed her affidavit of newly-discovered evidence with her motion for new trial, attaching thereto certain affidavits of other parties to the effect that the affiants therein had personal knowledge that the appellant had dates and gone out with appellee on many occasions; that appellee took her out in his car on October 23, 1950; that she had no other dates with any other man than appellee. Such affidavits were merely cumulative. All the evidence which appellant claims to be newly discovered existed at the time of trial and could have been produced by the exercise of due diligence which a party litigant is required to use in the preparation of her trial. Appellant has not made any effort to show in any manner that such "newly-discovered evidence" would produce a different result if a new trial were granted. The mere statement

that "reasonable diligence" has been used does not suffice. *Linton-Summit Coal Co.* v. *Hutchison* (1953), 232 Ind. 369, 111 N. E. 2d 819.

One who seeks a new trial on the grounds of newly-discovered evidence must first show the use of due diligence by setting out the facts constituting the same so that the trial court, in passing thereon, may determine from all the facts presented whether due diligence was reasonably used. *Cobler, Admr.* v. *Prudential Life Ins. Co.* (1941), 108 Ind. App. 641, 31 N. E. 2d 678; *Abels* v. *National Bond & Investment Co.* (1938), 105 Ind. App. 434, 13 N. E. 2d 903; *In Re Gaugh's Estate* (1954), 125 Ind. App. 282, 123 N. E. 2d 199.

Generally, motions for new trial on the grounds of newly-discovered evidence are looked upon with disfavor. *Koeneman* v. *Aldridge* (1954), 125 Ind. App. 176, 122 N. E. 2d 345.

In regard to assignment of errors two and three, the record reveals that the judgment was rendered November 16, 1951. The motion for new trial was filed November 26, 1951, being overruled on June 24, 1955. The court's minutes granting and denying the motion are as follows:

" . . . Sub. to court on Motion for Rehearing. Arguments heard. Motion denied. MJM, Juv. Ct. ref. O. B. 27 Page 302."

On the same day the appellant filed motion for rehearing which the court denied, which motion was based upon the court changing the wording of its minutes, "granted" to "denied".

On July 1, 1955, appellant filed a petition to expunge the record, " . . . that part appearing in the docket sheet in the records of this Court, reading substantially that Plaintiff's motion for new hearing denied, and to

reinstate the findings, order and judgment made by said Court on June 24, 1955, reading 'MOTION FOR NEW HEARING GRANTED'."

The record reveals a letter to appellant's counsel from the court explaining the court's action in denying the motion for new trial, which, omitting the caption, is as follows:

"In reference to the above matter, since our hearing this morning I have checked corpus juris secundum and find that I have erred in my ruling. Accordingly, I am at this time reversing myself and denying the motion for the reason that the moving party herein did not prosecute her motion with diligence.

Yours truly,
Michael Majoros, Juv. Ref."

The change of "granted" to "denied" was made in the same term of court, in fact the same date. In this respect, no error was committed by the trial court. The trial court has full control of its records and its proceedings during the term in which the same are had, and, during such term, as under the facts presented here, the trial court may correct, modify or vacate a judgment in this or such a proceeding. *Decker* v. *Decker, Admr.* (1952), (T. D. 1952), 122 Ind. App. 390, 102 N. E. 2d 920.

In the case of *State ex rel. Davis* v. *Achor, Judge* (1947), 225 Ind. 319, 75 N. E. 2d 154, the rule was announced that a judgment may be set aside or modified during the term at which a judgment is taken, and the parties must take notice of the court's actions without being served with notice thereof. In this case, the appellant was notified by letter.

Rule 1-8 of the Supreme Court is sufficient authority in itself to warrant the court in what was done in this case, which rule is as follows:

"Power of Court in Cases Tried Without a Jury. On a motion for a new trial in an action tried without a jury, the court may open the judgment, if one has been entered, take additional testimony, amend findings of fact and conclusions of law, or make new findings and conclusions, and direct the entry of a new judgment. (Adopted April 17, 1940. Effective September 2, 1940.)"

Each of the assignment of errors has been examined, and, finding no error, judgment affirmed.

NOTE.—Reported in 132 N. E. 2d 728.