E. G. *v.* M. B.

[No. 2-1273A268. Filed May 8, 1975.]

*Frederick R. Spencer,* of Anderson, for appellant.

*Grace B. De Armond,* of Anderson, for appellee.

SULLIVAN, P.J.—This is an appeal from a negative judgment in favor of defendant-appellee in a paternity action.

Petitioner-appellant's motion to correct errors alleged:

1. The Court's finding for the defendant is contrary to the preponderance of the evidence presented at the trial, and is contrary to law.

2. The petitioner's evidence established all the elements necessary to establish paternity of the child born to petitioner, and the Court made an error in finding for the defendant.

Petitioner's brief characterizes the appeal thusly:

"We are asking this Court to look at the record and to determine if plaintiff (mother) offered sufficient evidence—a preponderance—to prove that . . . [M. B.] . . . fathered the child born to the plaintiff."

These statements evidence a fundamental misunderstanding of the role of appellate review which must be clarified before the facts of the case are considered.

In a paternity case, the burden of proof is upon the mother. *Collins* v. *Wise* (1973), 156 Ind. App. 424, 296 N.E.2d 887;

*Beaman* v. *Hedrick* (1970), 146 Ind. App. 404, 255 N.E.2d 828; *Matis* v. *Yelasich* (1956), 126 Ind. App. 287, 132 N.E.2d 728.

Thus, the petitioner who fails at trial must appeal from a negative judgment. In such an appeal, the allegation that the decision is not supported by sufficient evidence presents no question for determination. *Salazar* v. *Senior* (1972), 151 Ind. App. 144, 278 N.E.2d 332; *Miller* v. *Robertson* (1970), 147 Ind. App. 68, 258 N.E.2d 420; *Matis* v. *Yelasich, supra.*

The question before us is therefore not merely whether the evidence would support a finding of paternity, but whether it is without conflict and leads to but one conclusion, which is contrary to the conclusion reached by the trial court. It is our opinion that the evidence before us is not so one-sided.

In examining the evidence, we must view it:

". . . in a light most favorable to the appellee and the judgment of the court below. We may not weigh conflicting evidence or determine the credibility of witnesses and the weight to be given their testimony." *Roe* v. *Doe* (1972), 154 Ind. App. 203, 289 N.E.2d 528.

The child in question was born on July 23, 1972. The petitioner began dating defendant in the summer of 1971. They had intercourse several times. This much is clear and is admitted by both parties. From there the picture grows foggy, largely as a result of contradictions and inconsistencies within petitioner's evidence.

On direct examination, petitioner testified that she had told defendant of her condition "back in the summer" (presumably the summer of 1971). Petitioner's mother testified that petitioner was six months pregnant at Christmas of 1971. This testimony would yield a gestation period of 12 months, somewhat longer than the normal experience.

However, petitioner also testified that she became pregnant in mid-December, 1971. This would indicate a gestation period of 7 months; not impossible but less than normal. She testified

that the last act of intercourse was after Christmas, and that she didn't know she was pregnant at that time. She later said that she told defendant of her condition before Christmas. She testified on direct examination that all acts of intercourse took place at the defendant's home. On cross-examination, she said that the last act took place at the home of defendant's cousin when she was six months pregnant.

Defendant testified that on three occasions in the fall of 1971, he and several friends had intercourse with petitioner in parked cars. Petitioner on appeal challenges this testimony as insubstantial because defendant did not see the actual act performed by his friends. The evidence was that defendant and up to four other boys picked up the petitioner on these occasions with the avowed purpose of having sexual relations with her. The defendant testified they parked, would have intercourse, and "when I left some one else went up to the car." On one occasion, respondent observed one of his friends in the car without his pants.

While respondent did testify that he had not observed sexual activity because he would walk down the road while waiting, we think it a fair inference that the other boys had access to petitioner during the relevant times.

Petitioner argues that the facts, including evidence that defendant visited after the birth of the child and brought it some clothes, would support a finding of paternity, citing *Roe* v. *Doe, supra.* While we might affirm a judgment for petitioner upon such facts, we cannot say that the evidence is without conflict and reasonably leads only to that conclusion. The trial judge, as was his duty, weighed the evidence and evaluated the credibility of the witnesses testifying before him. We will not usurp his function and overturn his assessment of the evidence.

We are not unmindful of the consequences of the trial court's decision to the petitioner and to her child. However, we cannot declare that the defendant is legally responsible

absent establishment of his responsibility. *Beaman* v. *Hedrick, supra.*

The judgment is affirmed.

Buchanan and White, JJ., concur.

NOTE.—Reported at 326 N.E.2d 858.