Hal COFFEL, Appellant (Defendant
Below),

v.

Lloyd G. PERRY, Appellee
(Plaintiff Below).

No. 2–682A172.

Court of Appeals of Indiana,
Second District.

Aug. 30, 1983.

Paul F. Shappell, Portland, for appellant.
Lloyd G. Perry, pro se.

SHIELDS, Judge.

Hal Coffel (Coffel) appeals the trial court's modification of a jury's verdict in a civil conversion action brought by Lloyd Perry (Perry). Perry's complaint was in two counts. Count I alleged tortious conversion of two root rakes.[1] Count II alleged Coffel's conduct also constituted criminal conversion, I.C. 35–43–4–3 (Burns Code Ed., Repl.1979), and therefore warranted treble damages under I.C. 34–4–30–1 (Burns Code Ed., Supp.1982). A jury awarded Perry $1200.00 on Count I, but found against Perry on Count II. The trial court granted Perry's motion to correct errors, entered judgment on the evidence on Count I increasing the award to $4,750.00, and entered judgment for Perry on Count II for treble damages ($14,250.00), attorney fees and costs. On appeal, Coffel chal-

---

1. The root rakes were 5′ × 12′ bulldozer attachments designed to remove roots, rocks and other debris from deep within newly cleared soil.

lenges the modification of the jury's verdicts under Trial Rule 59(J) as a confusion of the standards for judgment on the evidence and the grant of a new trial. We reverse.

### TRIAL RULE 59(J)

 The trial court found the jury's verdicts on both counts were "clearly and without question contrary to the evidence and the law," and entered judgment on the evidence. Judgment on the evidence after a jury verdict is proper only where the evidence is insufficient to support the verdict as a matter of law. *Huff v. Travelers Indemnity Co.,* (1977) 266 Ind. 414, 363 N.E.2d 985. However, if there is sufficient relevant evidence to support the verdict as a matter of law, judgment on the evidence is inappropriate. *Id.*

 In considering the relief of entering judgment on the evidence, the trial court must consider only the evidence and reasonable inferences favorable to the non-moving party. *Id.* It may not weigh conflicting evidence or judge the credibility of witnesses because of the constitutional right under Article 1, § 20 of the Indiana Constitution to have a jury perform the fact-finding functions. *Id.*

 Judgment on the evidence must be distinguished from the relief of a new trial. The trial court may grant a new trial where the verdict is supported by sufficient evidence. Hence, in ruling on a motion to correct errors seeking the relief of a new trial, the trial court sits as a "thirteenth juror." It weighs the conflicting evidence and judges the credibility of witnesses to determine if a contrary conclusion should have been reached in the minds of reasonable persons. *Huff,* 363 N.E.2d at 994. Thus, a new trial is warranted if the trial judge determines the jury verdict was not supported by a preponderance of the evidence. *Weenig v. Wood,* (1976) 169 Ind. App. 413, 349 N.E.2d 235. The trial judge may perform these fact-finding functions in the determination to grant a new trial since the right to a jury trial is preserved.

 A new trial may also be appropriate where the verdict is clearly erroneous but the entry of judgment on the evidence would be impractical, unfair or otherwise improper. Where a new trial is ordered for these reasons, the trial court must include findings which indicate why judgment on the evidence was not entered. *Borowski v. Rupert,* (1972) 152 Ind.App. 9, 281 N.E.2d 502.

 To facilitate appellate review, both the entry of judgment on the evidence and the grant of a new trial must be supported by findings. Entry of judgment on the evidence requires a statement of general reasons, whereas, the grant of a new trial requires special findings of fact upon each material issue or element upon which a new trial is granted. Additionally, if a new trial is granted because the verdict is against the weight of the evidence, the findings must relate the evidence supporting and opposing the verdict. *Id.*

 The appellate court and the trial court employ the same standard of review in determining the propriety of a judgment on the evidence. However, in the appellate court's review of the trial court's grant of a new trial, the ruling is presumed correct. Hence, the appellate court only reviews for an abuse of discretion, a flagrant injustice, or a strong case for relief. *Stanley v. Kelley,* (1981) Ind.App., 422 N.E.2d 663.

### COUNT I

 The trial court determined the jury's award of $1200.00 was contrary to the evidence and entered judgment for $4750.00. Damages may be modified by a judgment on the evidence only where the jury's award does not reflect clear and unrebutted evidence on damages; the jury's award must be inadequate as a matter of law. Where the evidence on damages is variable or conflicting, and the jury's award is within the range of the evidence, entry of judgment modifying the jury's award is an

invasion of the jury's province and consequently erroneous.[2] *Weenig.*

■ The trial court erred in increasing the award of damages because the jury's award was within the scope of the evidence. Generally, damages for conversion of property are measured by the market value of the property at the time of conversion since an action for conversion does not seek return of the property but only return of its value. *THQ Venture v. SW, Inc.,* (1983) Ind.App., 444 N.E.2d 335. Here, the range of evidence on market value was $1000 to $5000. However, damages are restricted to actual losses sustained as a proximate result of the conversion. *Universal C.I.T. Credit Corp. v. Shepler,* (1975) 164 Ind.App. 516, 329 N.E.2d 620. Consequently, damages are mitigated by return of the property to the owner, *Smith v. Downing,* (1855) 6 Ind. 374; or by application of the property to its lien. *Yeager & Sullivan, Inc. v. Farmers Bank,* (1974) 162 Ind.App. 15, 317 N.E.2d 792. In the instant case, the root rakes were pledged as collateral on a note held by the First Bank of Decatur. Coffel delivered the rakes to the bank according to Perry's demand.

■ Where converted property is returned, damages for the deprivation of the use of the property may be measured by the fair rental value for the period of conversion. *See Oceana Oil Producers, Inc. v. Portland Silo Co.,* (1951), 229 Ind. 656, 100 N.E.2d 895; *Jay Clutter Custom Digging v. English,* (1979) Ind.App., 393 N.E.2d 230; *cf. Fort Wayne National Bank v. Scher,* (1981) Ind.App., 419 N.E.2d 1308 (lost use of returned automobile and pay-roll checks may be measured by prejudgment interest). Testimony on the rental value of similar equipment ranged from $240 to $500 per month. Perry had originally loaned the rakes to Coffel who was considering their purchase. Although Coffel borrowed the rakes in July of 1979 and did not deliver the rakes to the bank until December of 1980, Perry made no demand for their return until the spring of 1980. Where the initial possession is lawful, conversion occurs only after an unqualified demand for return. *THQ Venture,* 444 N.E.2d at 339. Thus, it was within the scope of the evidence for the jury to assess damages based on the rental value of the rakes only during the summer and early fall of 1980 or on their fair market value. Under either measure, the jury's verdict fell within the range of the evidence. Therefore, the trial court erred in entering judgment.

### COUNT II

■ Similarly, the trial court erred in overturning the jury's finding of no criminal conversion and in awarding treble damages, attorney's fees and costs. Criminal conversion requires the unauthorized control to be either knowing or intentional. I.C. 35–43–4–3 (Burns Code Ed., Repl.1979). But mens rea is not an element of tortious conversion. *Fort Wayne National Bank,* 419 N.E.2d at 1313. The evidence most favorable to Coffel is Coffel believed he was entitled to retain the rakes in satisfaction of a debt arising out of another equipment transaction with Perry. Considering this evidence negating criminal intent, we cannot say the jury's verdict was erroneous as a matter of law.

The judgment is reversed and the trial court is ordered to reinstate the jury's verdicts on both counts.

BUCHANAN, C.J., and SULLIVAN, J., concur.

---

2. Even where the damage award is excessive or inadequate as a matter of law, a judgment on the evidence fixing damages is nevertheless inappropriate if the evidence supports a range of damages. For example, where the evidence on damages ranged from $17,700 to $18,500, the jury's award of $19,500 was excessive as a matter of law. Nonetheless, a new trial, subject to $1,000 remittitur, was appropriate since the assessment of damages involved weighing the evidence. *Coffey v. Wininger,* (1973) 156 Ind.App. 233, 296 N.E.2d 154; *accord, Amos v. Keplinger,* (1979) Ind.App., 397 N.E.2d 1010 (trial court could not fix award for pain and anxiety); *Borowski v. Rupert,* (1972) 152 Ind.App. 9, 281 N.E.2d 502 (new trial subject to $2500 additur where jury award of $500 was inadequate). A new trial subject to additur or remittitur may be appropriate where the discrepancy is not proportionately large enough "to affect substantial rights." *In re Gaugh's Estate,* (1954) 125 Ind.App. 282, 123 N.E.2d 199, 201.