Leslie BLAY and Angela Blay, Appellants (Defendants Below),

v.

Toni VOGEL and Alvin Vogel, Appellees (Plaintiffs Below).

No. 06A01-8806-CV-182.

Court of Appeals of Indiana, First District.

Jan. 26, 1989.

Rehearing Denied March 12, 1989.

Frank J. Price, Gary W. Bippus, Ricos and Price, Indianapolis, for appellants.

Michael S. Miller, Mendelson Kennedy Miller Muller & Hall, Indianapolis, for appellees.

ROBERTSON, Judge.

Appellant-defendants Leslie and Angela Blay (Blays) appeal from the granting of a new trial after a jury verdict was rendered in their favor and against appellee-plaintiffs Toni and Alvin Vogel (Vogels).

We reverse.

Vogels brought this action against Blays after Toni, who was a mail carrier, fell onto the pavement while walking down Blays'

driveway after delivering their mail, sustaining serious injuries. Vogels alleged in their complaint that the existence of ice and snow on the Blays' driveway caused Toni to fall, and that the Blays should have remedied the defect or warned Toni of the danger.

The suit was tried to a jury, which returned a verdict in favor of Blays. Upon consideration of Vogels' motion to correct error, the trial court granted Vogels a new trial. Pursuant to Indiana Rules of Trial Procedure Rule 59(J)(7), the trial court issued special findings of fact and conclusions of law in support of its order for new trial. Contending that these findings were inadequate and that the court abused its discretion in ordering a new trial, the Blays perfected this appeal.

Blays allege that the trial judge failed to relate the supporting and opposing evidence on each element of the claim. Trial Rule 59(J)(7) provides that:

> When a new trial is granted because the verdict, findings or judgment do not accord with the evidence, the court shall make special findings of fact upon each material issue or element of the claim or defense upon which a new trial is granted. Such finding shall indicate whether the decision is against the weight of the evidence or whether it is clearly erroneous as contrary to or not supported by the evidence; if the decision is found to be against the weight of the evidence, the findings shall relate the supporting and opposing evidence to each issue upon which a new trial is granted; if the decision is found to be clearly erroneous as contrary to or not supported by the evidence, the findings shall show why judgment was not entered upon the evidence.

In reviewing a claim that the weight of the evidence preponderates against the jury's verdict, the trial judge sits as a "thirteenth juror." If after sifting and weighing the conflicting evidence and the credibility of witnesses, the trial judge believes a contrary result should have been reached in the minds of reasonable persons, he should grant a new trial. *Stanley v. Kelley* (1981), Ind.App., 422 N.E.2d 663. Appellate review of this determination, if it is supported by specific findings which relate the supporting and opposing evidence to each issue upon which a new trial is granted, is narrowly circumscribed. *Id.*

We are concerned here with whether the findings adequately stated supporting and opposing evidence on each issue upon which a new trial was granted. We find it necessary to set out the following findings of the court which are pertinent to our review:

1. On December 27, 1985, plaintiff Toni Vogel ("Toni") was employed as a letter carrier for the United States Postal Service.

2. On December 27, 1985, between 2:45 and 3:00 p.m., while in the performance of her duties and as an invitee, Toni slipped and fell on ice which had accumulated on defendants' residential property located at 9314 Thornwood Drive, Indianapolis, Indiana.

3. As a direct and proximate result of the fall, plaintiff suffered severe permanent back injuries.

4. Toni had a sworn duty to follow postal regulations and those regulations required her to attempt to personally deliver packages to addresses when the packages would not fit in the mailbox.

5. The package Toni attempted to deliver to defendants' residence was too large for the mailbox.

6. Defendants received more packages than any of the 350 residences on plaintiff's route and she made more trips to their door than to any other residence.

7. Toni had never experienced any other problems with defendants' property prior to December 27, 1985, and because of her numerous trips to defendants' front door, she came to rely on defendants to reasonably maintain their property.

8. Defendants Mr. and Mrs. Blay both acknowledged the numerous packages that Toni delivered to their door. They knew, or should have known, that she would be coming upon their property to deliver packages due to the Christmas season and the

fact that their son was married on December 21, 1985. Wedding gifts and Christmas gifts were regularly being delivered to defendants' residence. The package in question was for defendants' son.

9. It was defendant Leslie Blay's "normal and usual" practice to clear snow from his porch, the short walk from the porch to the driveway, and down the left-hand side of the driveway where Toni fell. He would use a scraper if necessary. It would normally take him 15 minutes to ½ hour to scrape the path.

10. Defendant Leslie Blay knew that a hazardous condition existed prior to December 27, 1985 in that the four vehicles that were coming and going from his residence the week of the 21st caused an icy tire track to form down the length of the "sidewalk" which ran down the left-hand side of the driveway.

11. Either the day after or two days after Toni fell, Leslie Blay chiseled the icy track from the driveway.

12. The only inference that can be drawn is that the icy tire track existed on December 27, 1985.

13. There was no alternate path or walk available for Toni to go from the street to the front door, and she would always use the "sidewalk" on the left-hand side of the driveway.

14. Leslie Blay knew that there had been a light snow in the days preceding Toni's fall, including the day of the fall.

15. Toni could not see the icy track running down the "sidewalk" on the left-hand side of the Blays' driveway due to the dusting of light snow.

16. Leslie Blay had sufficient opportunity the morning and early afternoon of December 27, 1985 to either maintain his property or warn of the latent danger and defect of the icy strip which existed the afternoon of December 27. He left for work on the morning of the 27th and returned home at approximately 1:00 P.M. He then left for Castleton Shopping Center.

17. Leslie Blay failed to apply salt or sand or other material to the driveway, and failed to remove the icy patch, or in any

way warn Toni of the hazard. He did not recall the last time he shoveled or scraped snow and ice prior to December 27.

18. Mr. Blay knew that the driveway sloped from the house down to the street.

19. There was no evidence presented that plaintiff in a way [sic] contributed to any extent or any degree to her own injurie [sic]. She was wearing regulation Post Office shoes, was walking very carefully, and taking small steps. She did not slip or slide any other residence on her route that day. [sic].

\* \* \* \* \* \*

30. The verdict of the jury as to the issue of liability, was against the weight of the evidence as was presented by plaintiffs and defendants.

31. The verdict of the jury was clearly erroneous as contrary to the evidence presented in this Court.

32. The verdict of the jury was not supported by the evidence presented in this Court.

33. The verdict indicates that the jury did not follow this Court's instructions regarding defendants' affirmative duties to an invitee such as Toni Vogel.

34. Judgment was not entered upon the evidence because plaintiffs did not so move at the close of their case.

For the reasons stated above, the Court hereby grants Plaintiffs' Motion to Correct Errors insofar as pursuant to Trial Rule 59(J)(1) and grants a new trial.

█ Vogels urge that the factual findings were adequate because any evidence opposing the claim was merely conjectural. From a cursory reading of the factual findings, one is left with the impression that the existence of the icy track—which was the alleged defect—was conclusively established at trial. However, this aspect of the Vogels' case was highly disputed; yet the court's findings admit of no evidence opposing the existence of ice on the Blays' driveway. Upon reading the record, we learned that Toni testified she had not seen ice on the driveway, and further that her feet did not slip or slide at all before she

fell. Mr. Blay's testimony was equivocal about whether he scraped ice or only snow from his driveway one or two days after Toni's fall. No witnesses testified to seeing Toni fall or to the presence of ice on the Blay's driveway on the day of her fall. The evidence on the existence of any hazard on the Blay's property was conflicting. Yet, the trial court's findings do not recite the supporting and opposing evidence. Consequently, the court also did not demonstrate that the conflicting evidence preponderated in favor of Vogels.

When the trial court has failed to comply fully with the mandate set out in T.R. 59(J)(7), no single remedy has been adopted. Courts have either attempted review, remanded for more complete findings, or reversed and reinstated the judgment. *See Nissen Trampoline Co. v. Terre Haute National Bank* (1977), 265 Ind. 457, 358 N.E.2d 974, 976 and citations therein.

■ We do not accord the findings the deference to which they would be entitled had the trial court fully complied with T.R. 59. *Stanley, supra; Nissen, supra.* Also, we will not embark upon an exhaustive review of the evidence on every issue which the jury had to resolve in this case. *See State v. White* (1985), Ind., 474 N.E.2d 995. Instead, we follow the supreme court's lead in *State v. White, id.* There, the court declined to remand to the trial court in order to give it a second opportunity to issue special findings of fact, after the trial court granted a new trial stating the damages awarded by the jury were inadequate.

■ In the instant case, the trial court set out more detailed findings of fact than had the trial court in *White*. However, as we pointed out before, although the findings were lengthy, the court wholly failed to set out the supporting and opposing evidence. As the court stated in *Nissen, supra:*

> "In reversing in this case, we identify the substantive and procedural requirements for the lawful grant of a new trial in Trial Rule 59(E)(7) [now T.R. 59(J)(7) ] as paramount. The purpose of authorizing

the trial judge to grant a new trial, when the judge considers the verdict to be against the weight of the evidence, is to erase the occasional unsupportable jury verdict. It is to supplant that which is irrational with something that is rational. An order of court can fulfill this extraordinary and extreme function only if it is based upon a complete analysis of the relevant facts and applicable law, and sets out on paper the constituent parts of that analysis. It is compliance with the arduous and time consuming requirements of the rule which provides assurance to the parties and the courts that the judge's evaluation of the evidence is better than the evaluation of the jury."

*Id.* 358 N.E.2d at 978.

The judgment of the trial court is reversed with instructions to reinstate the verdict of the jury.

RATLIFF, C.J., concurs.

SULLIVAN, J., concurs with separate opinion.

SULLIVAN, Judge, concurring.

The majority reverses solely upon grounds that the trial court's findings did not set forth the evidence upon both sides of the liability issue. I agree that the findings are inadequate in this respect and insofar as the trial court determined that "as to the issue of liability, [the verdict] was against the weight of the evidence."

To be sure, the Thirteenth Juror principle is a fixture and a reality in our law. However, the *unrestricted* exercise of the discretion afforded by the principle is to be avoided. *See Weenig v. Wood* (1976) 2d Dist., 169 Ind.App. 413, 349 N.E.2d 235, 256–57, *trans. denied.* Were it otherwise, the right of trial by jury would be severely compromised, if not destroyed. *Weenig v. Wood, supra.* In this regard, the purpose of the principle must be kept in mind. As enunciated in *Nissen Trampoline Co. v. Terre Haute First National Bank* (1976) 265 Ind. 457, 358 N.E.2d 974, 978:

> "The purpose of authorizing the trial judge to grant a new trial, when the

judge considers the verdict to be against the weight of the evidence, is to erase the occasional unsupportable jury verdict. It is to supplant that which is irrational with something that is rational."

The ruling which granted plaintiffs a new trial was not solely premised upon an "against the weight of the evidence" rationale. It would appear from the all-inclusive breadth of the trial court's findings that the trial court was attempting to utilize either as alternative bases, or in combination, all possible grounds for the new trial, i.e., (1) against the weight of the evidence—at least as to liability; (2) clearly erroneous as contrary to the evidence; and (3) clearly erroneous as not supported by the evidence.

■■ To the extent that the verdict was deemed by the trial court to be clearly erroneous, the findings are also inadequate. The trial court apparently read Rule 59(J)(7) to require a finding as to why he did not grant a judgment upon the evidence to plaintiffs at a time prior to or immediately following the rendering of the jury verdict. If so, the court was in error. The rule contemplates a finding by the trial court as to why, in response to a Motion to Correct Error, a new trial is ordered as opposed to vacating the jury verdict and entering of a different judgment or a judgment for the opposing party. The trial court did not state in its findings why it did not enter judgment for the plaintiff in response to the plaintiffs' Motion to Correct Error. It would appear that the trial court was inclined to do so as to the issue of defendants' liability but could not do so under existing law. If a verdict is set aside as against the weight of the evidence when the evidence is in conflict or when conflicting inferences are permissible, a new trial must be ordered. *Elsperman v. Plump* (1983) 1st Dist.Ind.App., 446 N.E.2d 1027, 1030. Even if the court could have entered partial judgment for plaintiffs as to liability, the court could not have entered a full and complete judgment fixing the amount of damages. *See Coffel v. Perry* (1983) 2d Dist.Ind.App., 452 N.E.2d 1066; *Weenig v. Wood, supra,* 349 N.E.2d at 256–57.

Here, had the findings of the trial court been adequate and had the findings been supported by the record, the relief afforded in the form of a new trial would be appropriate. Because the findings are not proper, I concur in reversal and in ordering reinstatement of the verdict for defendants. *State v. White* (1985) Ind., 474 N.E. 2d 995.

RATLIFF, C.J., concurs.