HOLMES, Judge.
The plaintiff sued the defendant for breach of a contract in failing to construct a swimming pool in a “workmanlike” manner. After an ore tenus hearing, the trial court rendered a judgment for $750 in favor of the plaintiff.
The defendant appeals, contending the evidence fails to support the conclusion by the trial court that the swimming pool was constructed in an “unworkmanlike” manner. Additionally, the defendant argues in brief that there is insufficient evidence as to the amount of damages. We disagree with defendant’s contention and affirm.
Viewing the record before this court with the attendant presumption of correctness, we find there is evidence that the swimming pool was constructed in a deficient manner. To wit, there is evidence that: The liner for the pool came loose and fell into the pool. The handrails on the slide were not installed. The diving board was not tightened down. Rocks were left in the pool. There was a hole in the liner that was required to be patched. The pool leaks. The motor on the pump did not function properly. The water supply to the slide was not connected.
Additionally, there is evidence to support a judgment in excess of $2,000. Specifically, there was testimony that the pool in its presently constructed condition was worth only approximately one-half the contract price. Put another way, the plaintiff paid approximately $5,900 for the pool; its value as indicated by the testimony, because of the defects, was approximately $2,400. We, therefore, find no error in the judgment of $750.
Upon appeal of a judgment rendered by the trial court after oral hearing, such judgment is presumed correct and will not be set aside by this court if supported by credible evidence. See Industrial Maintenance Contractors, Inc. v. Sales Consultants of New Orleans, Inc., Ala.Civ.App., 342 So.2d 377 (1977). Here, in this instance as seen from the above, there is such credible evidence.
Additionally, a judgment or decree entered by a trial court after the hearing of testimony is presumed correct and will be reversed on appeal only if, after consideration of all the evidence and all reasonable inference to be drawn therefrom, the appellate court concludes that it is plainly and palpably wrong. 2A Ala.Digest Appeal & Error &wkey;931(1). In this instance, the judgment of the learned trial judge is not plainly and palpably wrong.
The case is due to be affirmed.
AFFIRMED.
WRIGHT, P. J., and BRADLEY, J., concur.