Plaintiff sued defendant alleging misrepresentation and breach of agreement. The case was tried before the trial judge sitting without a jury. After an ore tenus hearing, the trial court entered judgment for defendant. Plaintiff appeals.
The only issue presented is whether the trial court's judgment is supported by the evidence.
The facts of the case are basically undisputed. In December 1975 plaintiff contacted defendant regarding the repair of her residential swimming pool. The pool was twenty-five years old and had not previously been repaired. Defendant inspected the pool for leaks and determined that the leaks could be repaired.
Plaintiff and defendant subsequently entered into a written contract for the repair of the pool. The contract stated that: "All material is guaranteed to be as specified. All work to be completed in a workmanlike manner according to standard practices." There was a guarantee of materials and labor for a period of one year.
The work on the pool was completed on June 10, 1976. The pool was presumably filled and used. Some months later the pool began to lose water. Defendant was contacted about the problem but failed to inspect the pool or take any action. Plaintiff then filed this suit on June 7, 1977, alleging misrepresentation and breach of agreement for failure to perform the work in a good and workmanlike manner.
Plaintiff argues on appeal that the evidence at trial clearly established her right to recovery under both theories.
The representations which plaintiff relies upon are preliminary statements by the defendant that he could repair the pool and that he would do so in a workmanlike manner. Such alleged oral representation became merged in the subsequent written guarantee. Guilford v. Spartan Food Systems, Inc.,372 So.2d 7 (Ala. 1979). We have examined the testimony and we find no direct evidence that the materials and workmanship were bad. There was evidence from plaintiff's son-in-law that some cement around a pipe had crumbled, but there was no evidence that it resulted from defective workmanship or material. The loss of water from the pool was not shown to have occurred because of fault of defendant's workmanship nor that the loss was from the areas repaired by defendant. We find no evidence that defendant warranted more than to repair the existing leaks. The trier of facts was not bound to accept an inference that a twenty-five-year-old pool lost water from leaks improperly repaired when there was no direct proof as to cause or location of such leaks. Neither must the judge sitting as a jury find defendant guilty of misrepresentation or breach of contract merely because the pool began to again lose water some three months after completion of defendant's work and acceptance and payment therefor by the plaintiff.
In order to recover for breach of agreement, the plaintiff has the burden of showing that an agreement existed; that defendant breached that agreement; and that plaintiff was damaged by the breach. See Blue Dolphin Pools of theTri-Cities, Inc. v. Johnson, 363 So.2d 319 (Ala.Civ.App. 1978). Plaintiff has shown that there was an agreement between the parties that defendant would locate and repair leaks in plaintiff's pool and that the repairs would be done with adequate materials and in a workmanlike manner. There was no warranty that the pool would not thereafter develop other leaks. The plaintiff offered evidence showing that the pool began to lose water again some months after defendant finished his repairs and the pool was placed in operation. There was no evidence that the loss was from leaks repaired by defendant nor that the leaks were the resuit of defendant's failure to use adequate materials or make the repairs in a workmanlike manner. The burden was upon the plaintiff to provide this evidence to the reasonable satisfaction of the trier of fact. See Pollak v.Winter, 166 Ala. 255, 51 So. 998 (1910). When we view the evidence in *Page 1323 
light of the presumption of correctness accompanying the judgment, we are unable to find it contrary to the evidence.Mayo v. Andress, 373 So.2d 620 (Ala. 1979).
We are also impressed with the absence of proof of damage, unless the measure was intended to be the total contract price. That is uncertain because there was evidence that a pump and heater contained in the contract were used in construction of a new pool. There was no amount of damage otherwise shown.
The judgment of the trial court is affirmed.
AFFIRMED.
BRADLEY and HOLMES, JJ., concur.