YATES, Judge.
Larry Collins sued Bruce Burns, doing business as Hanceville Insulation Company, alleging that Burns had failed to insulate Collins’s office building as promised, thereby breaching their agreement and causing Collins to lose money that he had paid to Burns for materials and labor, as well as the money that he would have saved in energy costs had the office been properly insulated. He also alleged that Burns had made fraudulent misrepresentations to him and that he had relied upon those misrepresentations to his detriment. The case was tried before a jury; at the close of Collins’s evidence, the judge directed a verdict in favor of Burns.
Collins appeals, contending that the trial court erred in: (1) directing a verdict for Burns on the contract and fraud claims; (2) excluding certain testimony Collins says was relevant; and (3) holding that the statutory limitations period for a fraud action had expired. We address the first two arguments together, because they are interrelated.
“The standard of review applicable to a directed verdict is whether the nonmoving party has presented substantial evidence in support of his position. If he has not, then a directed verdict is proper. Moreover, whether to direct a verdict is not a matter within the discretion of the trial court; on review, no presumption of correctness attaches to such a ruling.
“Our function on review of a directed verdict is to review the entire evidence, and all reasonable inferences that a jury might have drawn therefrom, in the light most favorable to the nonmoving party, and if we conclude that a jury could have drawn reasonable inferences supporting the nonmoving party’s claim, then we must reverse the judgment based on the directed verdict. To satisfy the ‘substantial evidence test,’ the nonmoving party is required to present ‘evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved.’ ”
Stewart v. Jones, 614 So.2d 1023, 1026 (Ala.1993) (citations omitted).
In September 1987, Collins contacted Burns to inquire about the cost of insulating his office. Bums inspected the building and thereafter entered into an oral contract with Collins to install insulation in the attic, floor, and walls for $1175.00. After Burns insulated the building, Collins paid Burns the contract price.
In the spring of 1993, while remodeling his office, Collins contacted Burns to inform him that neither the attic nor the walls were adequately insulated. Collins testified that *533 he was present when the carpenters first began removing siding from the braiding, and that he discovered that there was no insulation along the back wall.
Burns testified that because it was an older building, the walls opened into the attic, and that insulation could be blown from the attic down into the walls without removing the outside siding. He testified that insulation is fed from compressed bags into a machine that grinds the insulation and blows it through a hose.
Burns also testified that Collins had told him that if he would furnish batt insulation, or blanket-type insulation, presumably as a remedial measure, the carpenters working on the remodeling of the office would install it, and that that would satisfy Collins. Burns further testified that Collins wanted the batts of insulation installed in stages, as the remodeling progressed, and that he provided Collins with enough insulation to insulate approximately one-half of the office.
“In order to recover for breach of agreement, the plaintiff has the burden of showing that an agreement existed; that the defendant breached that agreement; and that plaintiff was damaged by the breach.” Cocke v. Odom, 385 So.2d 1321, 1322 (Ala. Civ.App.1980).
“To withstand a directed verdict on a fraud claim, be it fraud of the willful, reckless, or innocent variety, the plaintiff must show a false representation by the defendant concerning a material existing fact that the plaintiff relied on to his damage.” Auburn Ford, Lincoln Mercury, Inc., v. Norred, 541 So.2d 1077, 1080 (Ala.1989). The testimony of both parties indicates that they entered into an agreement for Burns to install insulation in Collins’s office. However, the parties offered conflicting testimony regarding the terms of the contract and whether the contract was breached. Collins testified that Burns stated that Burns generally would place 12 inches of insulation in an attic, while Burns testified that the contract called for 5 inches. Collins testified that there were several places in the attic that were not insulated at all, and that the insulation was less than what the parties had agreed upon.
Collins testified on cross-examination, while examining a photograph of a part of the building where the carpenters had removed some of the siding, that there was “a very light bit” of insulation along the bottom of the wall and on the ground below. He also stated that if insulation had been in the walls, it would have fallen out or would have been blown out when the siding was removed.
Susan Lott, who worked for Collins, testified that she was present when the carpenters removed the siding boards and that there was little or no insulation underneath. She did, however, testify that she did not observe all of their work, but that she did observe a small amount of insulation fall from the walls as the carpenters worked.
In moving for a directed verdict, Burns first argued that Collins had failed to present any evidence of damage sustained as a result of the alleged breach of contract. Collins contends that he presented evidence of damage and that the trial court erred in refusing to allow him to introduce relevant testimony regarding the damage he claims to have incurred. We agree.
“[Our supreme court] has determined that a plaintiff attempting to establish damages in a breach of contract action need only ‘ “lay a foundation which will enable the trier of the facts to make a fair and reasonable estimate of the amount of damage.” ’ ” Mason & Dixon Lines, Inc. v. Byrd, 601 So.2d 68, 70 (Ala.1992) (citations omitted).
Under the rule of relevancy sanctioned by the Alabama appellate courts, “a fact is admissible if it has any probative value, however slight, upon a matter in the case.” Charles W. Gamble, McElroy’s Alabama Evidence § 21.01(1) (4th ed. 1991). However, the trial court has the discretion to exclude relevant evidence that is speculative or of little probative value. See Turner v. Azalea Box Co., 508 So.2d 253 (Ala.1987).
After thoroughly reviewing the record in a light most favorable to Collins, we conclude that Collins presented substantial evidence of breach of contract and fraud. Given the testimony of Collins and Lott re *534 garding the absence of insulation in the walls and attic, along with the fact that Collins had paid Bums the contract price, the jury could have made a fair and reasonable estimate of the amount of damage Collins sustained. Also, Collins’s evidence regarding the amount he had paid for additional insulation used in the remodeling of his office — which evidence the court did not admit — was relevant to the issue whether Collins had sustained damage. A substantial amount of wall space of the existing building was removed, requiring new insulation. Therefore, we disagree with Burns’s assertion that this was “an entirely new remodeling project” and that this was not relevant evidence.
We note, however, that the trial court did not err in excluding the testimony of Mr. Holmes, who was the owner of an insulation, door, and window company. Collins offered Mr. Holmes as an expert witness. Mr. Holmes testified that he was present at Collins’s office during a remodeling phase, but that he could not recall exactly when he was there, and he did not have his log books with him to refresh his memory while testifying. Also, the record does not give a clear indication as to whether he was properly qualified to testify as an expert. “[WJhether a particular witness will be allowed to testify as an expert is left to the sound discretion of the trial court, whose decision will not be disturbed on appeal except for an abuse of that discretion.” Townsend v. General Motors Corp., 642 So.2d 411, 423 (Ala.1994).
Regarding Collins’s fraud claim, Burns testified that he had told Collins that he did not know how effective it would be to insulate the walls, because, he said, there was no way to determine whether the walls were being adequately filled with insulation. Collins, however, testified that before he paid the contract price, Burns reassured him that the office was properly insulated, and he testified that he relied on Burns’s representation. He further testified that Burns showed him where he had removed siding boards from under the windows in order to place insulation there, and that Bums told Collins that “all of the spaces were filled up.” This testimony, when viewed in a light most favorable to Collins, and considered in light of all reasonable inferences that a jury might have drawn therefrom, supports Collins’s fraud claim.
Collins also argues that the trial court erred in holding that the statutory limitations period for a fraud action had expired. The trial court, during the trial, agreed with Burns’s assertion that Collins had had an opportunity to discover the fraud before the 1993 remodeling. Specifically, the trial court stated that Collins had had an opportunity to climb up into the attic and to look down into the walls to determine whether the office was properly insulated.
“ ‘A fraud action is subject to the two-year statute of limitations of Ala.Code 1975, § 6-2-38(Z), but the two-year period does not begin to ran until the plaintiff has discovered, or should have discovered, the fraud....’ We use an objective standard to determine when a party should have discovered fraud for the purpose of the statute of limitations. ‘Facts which provoke inquiry in the mind of a [person] of reasonable prudence, and which, when followed up, would have led to the discovery of the fraud, constitute sufficient evidence of the discovery. The question of when a party discovered or should have discovered fraud which would toll the statute of limitations is for the jury.’ However, there are times when this question is removed from the purview of the jury. ‘The question of when a plaintiff should have discovered fraud should be taken away from the jury and decided as a matter of law only in cases where the plaintiff actually knew of facts that would have put a reasonable person on notice of fraud.’ Thus, it is the knowledge of such facts that would have alerted a reasonable person to the existence of a potential fraud, and not the actual knowledge of the fraud itself, that determines whether the question of the tolling of the limitations period in a fraud case can be decided as a matter of law.”
McGowan v. Chrysler Corp., 631 So.2d 842, 845 (Ala.1993) (citations omitted). Collins had no reason to investigate the attic, nor to climb to its outer edges and peer down into the wall space below. Without doing that, he had no way of actually knowing facts that *535 would have put him on notice of fraud. Therefore, the question of when he discovered or should have discovered the fraud he alleges was for the jury to decide.
Accordingly, we reverse the judgment of the trial court and remand the case for further proceedings consistent with this opinion.
REVERSED AND REMANDED WITH INSTRUCTIONS.
ROBERTSON, P.J., and THIGPEN, MONROE, and CRAWLEY, JJ., concur.